■ The People of the State of New York, Respondent, v Alejandro Alvarez, Appellant. [675 NYS2d 530] —Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered February 7, 1995, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and robbery in the second degree (two counts), and, upon his pleas of guilty, of robbery in the first degree and robbery in the third degree, and sentencing him to two consecutive terms of 12½ to 25 years to run concurrently with concurrent terms of 12½ to 25 years (twice), 5 to 15 years, and 2⅓ to 7 years, unanimously affirmed.

On the existing record, which defendant has not sought to amplify by way of a CPL 440.10 motion, we conclude that defendant received effective assistance of counsel. Counsel's failure to move for a severance of the counts of the indictment upon which defendant proceeded to trial did not constitute ineffective assistance. Since these robberies involved a sufficiently unique *modus operandi* (*see, People v Beam*, 57 NY2d 241, 251-253), they were properly joined pursuant to CPL 200.20 (2) (b), and a severance motion would have been unavailing. In any event, the robberies were also properly joined as legally similar, pursuant to CPL 200.20 (2) (c), and we find that counsel's failure to request a discretionary severance pursuant to CPL 200.20 (3) could not have deprived defendant of a fair trial (*see, People v Hobot*, 84 NY2d 1021, 1024).

Defendant's challenge to the court's charge directing the jury to consider the robberies separately is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the instruction was sufficient under the circumstances of the case. We also find that counsel's failure to except to this charge or request different language did not constitute ineffective assistance.

We perceive no abuse of sentencing discretion. Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.