■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO CABA, Appellant. [682 NYS2d 6] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered December 12, 1997, convicting defendant, after a jury trial, of robbery in the first and second degrees, burglary in the first degree and two counts of unlawful imprisonment in the second degree, and sentencing him, as a second felony offender, to three concurrent determinate terms of 15 years to be served concurrently with two concurrent terms of 1 year, unanimously affirmed.

Defendant's suppression motion was properly denied. His present argument that the lineup was suggestive because he was wearing an article of clothing allegedly similar to one described by the complainant is unpreserved for appellate

review (*People v Duckfield*, 149 AD2d 726, *lv denied* 74 NY2d 739), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the clothing item in question was a common one that, under the circumstances, including the lapse of time from the crime to the lineup, could not have had a suggestive effect (*see, People v Lee*, 207 AD2d 953, *lv denied* 85 NY2d 864; *People v Torres*, 182 AD2d 587, *lv denied* 80 NY2d 897).

The court properly exercised its discretion in denying defendants' request for an adverse inference charge predicated upon the loss of the tape of the complainant's 911 telephone call, since there was no bad faith by the People, and since defendant was not prejudiced by the loss in that he was furnished with the Sprint printout and other police reports relating to the crime, which afforded him sufficient opportunity to elicit a claimed discrepancy in the complainant's description (*see, People v Daniels*, 254 AD2d 54). Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.