Gregory **BLOUIN,** Petitioner,

v.

Frank R. **HEADLEY,** Superintendent Arthur Kill Correctional Facility, Respondent.

No. CV 99–0712.

United States District Court, E.D. New York.

Oct. 25, 1999.

Gregory Blouin, Staten Island, NY, pro se.

Denis Dillon, Nassau County District Attorney, by Judith R. Sternberg, Assistant Nassau County District Attorney, Mineola, NY, for Respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Gregory Blouin petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1994 state court conviction of manslaughter. For the reasons set forth below, the petition is dismissed as time-barred.

## DISCUSSION

I. *Time Limitations For Filing a Habeas Petition*

Prior to 1996, there was no clear and formal limit on the time in which a state court prisoner could apply to a federal court for a petition for habeas corpus. This changed with the passage of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a one year statute of limitations applies to the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one year time period begins to run from the latest of:

- the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, of the applicant was prevented from filing by such State action;
- the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). AEDPA provides for a toll of the one year period during certain circumstances. For example, the one year period is tolled during the time when a prisoner's application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

■ A post-conviction motion is considered to be "pending" for the purposes of AEDPA's toll, from the time the motion is first filed until a final decision on the merits is rendered, including the time during which the motion is pending on appeal. *Duncan v. Griener,* 1999 WL 20890 *3 (S.D.N.Y. January 19, 1999); *Geraci v.Senkowski,* 23 F.Supp.2d 246, 252 (E.D.N.Y. 1998).

■ The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the statute merely excludes from the calculation of the one year period any time during which post-conviction relief is pending. *Torres v. Miller,* 1999 WL 714349 *4 (S.D.N.Y. August 27, 1999). Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired. *See Brooks v. Artuz,* 1999 WL 138926 *2 (S.D.N.Y. March 15, 1999).

## II. *The Present Petition*

■ Petitioner was convicted in state court on September 9, 1994. He appealed his conviction to the Appellate Division of the Supreme Court and that court affirmed the conviction on January 22, 1996. On June 25, 1996, Petitioner was denied leave by the New York Court of Appeals to further directly appeal his conviction. Petitioner's conviction became final, for purposes of AEDPA, when the time in which he could seek leave to appeal to the United States Supreme Court expired. Thus, Petitioner's AEDPA one year statute of limitations began to run on September 23, 1996.

AEDPA's one year statute ran until May 19, 1997, when Petitioner made a post-conviction motion pursuant to N.Y.C.P.L. § 440.10 ("Section 440"). At the time of the making of this Section 440 motion, 238 days had run from the date that Petitioner's conviction became final, leaving 127 days remaining on the one year AEDPA time clock. The making of the Section 440 motion stopped the running of the time in which to file a habeas petition with this 127 days remaining, until a final decision on the Section 440 motion was made on March 17, 1998. On that date, permission to appeal the trial court's determination of the Section 440 motion was denied by the Appellate Division.

The AEDPA time clock began to run again on March 17, 1998, and continued to run for a period of 103 days, until June 28, 1998, when Petitioner filed a petition for a writ of error coram nobis to the Appellate Division. Subtracting these 103 days from the 127 days remaining as of March 17, 1998, there were 24 days left of AEDPA's one year statute of limitations when the clock was again stopped on June 28, 1998. The petition for a writ or error coram nobis tolled the AEDPA time period until a decision was rendered by the Appellate Division on December 7, 1998. The AEDPA time period began to run again on December 7, 1998, with 24 days left. This time period was not again tolled and, thus, expired on December 31, 1998.

To summarize, the AEDPA time clock ran in three segments in Petitioner's case. Specifically, the clock ran for a period of 238 days, from September 23, 1996 until May 19, 1997. The clock then ran again for a period of 103 days, from March 17, 1998 until June 28, 1998. Finally, the AEDPA time clock ran for 24 days, from December 12, 1998 until December 31, 1998. When these three time periods (238, 103 and 24 days) are added, they comprise the full 365 days granted by AEDPA in which Petitioner was to have moved for habeas corpus relief. Because Petitioner's application for habeas relief to this court

was not made until January 28, 1999, it is outside of the one year statute of limitations and, therefore, untimely.

With respect to the above-referenced calculations, the court makes the following observations. First, the court notes that the time period in between May 19, 1997, when Petitioner's Section 440 motion was first made, and March 17, 1998, when permission to appeal the decision to the Appellate Division was denied, includes time periods when no proceedings with respect to the Section 440 motion were actually pending. This would include, for example, the short periods of time in between the initial decision on the Section 440 motion by the County Court and Petitioner's filing of a motion to reargue. This also includes the time period in between the denial of reargument and the filing of an application for leave to appeal the decision on the Section 440 motion to the Appellate Division.

Arguably, there was no motion "pending" and the AEDPA time clock ran during these short time periods and was tolled again only upon the filing of additional papers regarding the motion. Because the petition is time-barred even if the AEDPA clock is tolled during the entire period between May 19, 1997 and March 17, 1998, the court has considered the entire time period as a period of toll, for ease of calculation. If this were a closer case, the court would be required to decide whether the AEDPA clock begins to run each time a decision is rendered on a particular motion, and is stopped only when additional papers are filed challenging the decision. Because such a determination is not necessary to the decision here, the court need not express an opinion on this issue at this time.

The court also notes that Respondent has calculated the AEDPA time period as running out on January 1, 1999, as opposed to the court's calculation of December 31, 1998. Because January 1, 1999 was a national holiday, followed by a weekend, the time in which Petitioner was re-quired to file his habeas petition would then have been extended until January 4, 1999. In view of the fact that the present petition is time-barred under either the court's or Respondent's calculation, the court need not resolve this one day dispute.

■ Finally, the court addresses Petitioner's argument that he did not receive actual notice of the December 7, 1998 decision of the Appellate Division until approximately two weeks after the decision was rendered. Petitioner argues that the AEDPA time clock should not begin to run until he had actual notice of the state court determination on his motion.

There is no provision in AEDPA that extends the toll of the statute of limitations until actual notice is received. The statute tolls the statute of limitations only during the time when a motion is actually "pending." *See* 28 U.S.C. § 2244(d)(2). Once a decision is rendered, the motion is no longer pending. The court also notes that this final time period would not have been so critical to Petitioner had he not waited almost the entire 365 days granted by AEDPA in which to engage in post-conviction motion practice. As noted above, a full 238 days ran on the AEDPA one year statute of limitations before Petitioner began to engage in motion practice seeking post-conviction relief. An additional 103 days ran in between motions for such relief. Under these circumstances, there is certainly no reason to extend the AEDPA statutory toll beyond the time when a motion is actually pending.

*CONCLUSION*

For the foregoing reasons, the Petition for habeas corpus relief is dismissed as untimely. The Clerk of the Court is directed to close this case.

SO ORDERED