William **EVANS**, Petitioner,

v.

Daniel **SENKOWSKI**, Superintendent Clinton Correctional Facility, Respondent.

No. CV 98–4488.

United States District Court, E.D. New York.

June 30, 2000.

William Evans, Dannemora, New York City, petitioner pro se.

Steve Zissou, Bayside, NY, for petitioner (court-appointed counsel for briefing purposes).

Denis Dillon, Nassau County District Attorney, Mineola, NY by Daniel T. Butler, Assistant Nassau County District Attorneys, for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

William Evans petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1992 state court convictions on robbery charges. In a decision dated October 12, 1999, (the "October 1999 Order"), the court reserved decision on this Petition and ordered the parties to submits briefs on what was, at the time, a novel statute of limitations issue. Counsel was appointed for Petitioner to facilitate a full briefing of the legal issue raised by the court.

The parties have recently submitted the briefs contemplated by the October 1999 Order. Upon review of the briefs and a recent decision by the Court of Appeals for the Second Circuit, this matter is now ripe for adjudication. For the reasons set forth below, the Petition is dismissed as untimely.

## BACKGROUND

### I. Time Limitations and Tolling under AEDPA

As set forth in the October 1999 Order, familiarity with which is assumed, Petitioner, whose state court conviction became final several years prior to the effective date of AEDPA, had one year from that date in which to file a petition for a writ of habeas corpus. That one year statute of limitations is tolled under the circumstances set forth in AEDPA.

Of significance in this case was the question of whether the filing of a federal habeas petition (which is later dismissed without prejudice) tolls the running of the AEDPA statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). Specifically, the court questioned whether the filing of a federal habeas petition constituted "other collateral review" within the meaning of the toll.

## DISCUSSION

### I. AEDPA is Tolled When a Federal Habeas Petition is Pending

Since the October 1999 Order, the Second Circuit has ruled upon the precise issue raised herein. In *Walker v. Artuz*, 208 F.3d 357 (2d Cir.2000), the court held that a prior properly filed habeas corpus petition, dismissed without prejudice, tolls the one-year limitations period under AEDPA.

In *Walker*, the petitioner filed two habeas petitions, the second of which was dismissed as untimely because it was filed more than one year after the completion of Petitioner's direct criminal appeal, and nearly one year after the court dismissed the first habeas petition. The Second Circuit held that the time period when a properly filed habeas corpus petition is pending in federal court should be excluded from the one year statute and rejected the interpretation that would include only state procedures or remedies within the

phrase "other collateral review." *Walker,* 208 F.3d at 358.

Noting that the AEDPA toll applies only to "properly" filed habeas petitions, the Second Circuit rejected the notion that its holding would encourage the filing of successive, frivolous habeas petitions filed for the sole purpose of extending the statute of limitations. *See Walker* 208 F.3d at 358. Such petitions would likely follow the dismissal of a petition on the merits and would therefore not toll the AEDPA time period. On the other hand, where, as here, a habeas petition is dismissed without prejudice, the running of the statute of limitations is tolled. *Id.; see* 28 U.S.C.A. § 2244(b), (d)(2) (AEDPA restriction on successive petitions if a prior petition was dismissed on the merits or with prejudice).

In light of the foregoing, it is now clear that it is proper to toll the statute of limitations for the period during which the first habeas petition in this matter was pending. The court turns then to consider whether, taking this toll into account, the instant petition is timely.

## II. *Relevant Dates*

Petitioner was convicted in 1992. Since Petitioner's conviction became final prior to the enactment of AEDPA, the date when the one year statute of limitations began to run was April 24, 1996. *See Ross v. Artuz,* 150 F.3d 97, 103 (2d Cir.1998). In the absence of any tolling, this petition would have been required to have been filed by April 24, 1997. The petition, however, was not filed until June 30, 1998. The question raised is whether post-conviction activity, including the earlier habeas petition, tolled the statute sufficiently so as to render the instant petition timely.

Petitioner's post-conviction activity that took place after April 24, 1996, must be considered when calculating the AEDPA time period. *See Torres v. Miller,* 1999 WL 714349 *3 (S.D.N.Y. August 27, 1999);

*Perez v. Bennett,* 1999 WL 553782 * 1 (S.D.N.Y. July 29, 1999); *Burnie v. People,* 1999 WL 342243 * 1 (E.D.N.Y. May 7, 1999).[1] With respect to such activity, the date upon which a motion is filed stops the running of the AEDPA clock and the day that the motion is finally decided starts the AEDPA clock running once again. *See Geraci v. Senkowski,* 211 F.3d 6, 9 (2d Cir.2000).

▪ The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the statute merely excludes from the calculation of the one year period any time during which post-conviction relief is pending. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000); *Torres v. Miller,* 1999 WL 714349 *4 (S.D.N.Y. August 27, 1999). Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired. *See Brooks v. Artuz,* 1999 WL 138926 *2 (S.D.N.Y. March 15, 1999).

The October 1999 Order reflected uncertainty concerning relevant dates necessary to calculate whether this second habeas petition is timely. Upon request, briefs were submitted regarding both the legal issue discussed above as well as the precise dates necessary to make the proper calculation.

The submissions presently before the court make clear that the parties agree that the dates to be considered by the court are as follows:

- the August 6, 1996 filing of the first habeas petition;

- the June 18, 1996 dismissal, without prejudice, of the first habeas petition;

- the February 2, 1998 filing of a motion pursuant to Section 440.10 of the New

---

1. In light of the fact that the AEDPA statute did not begin to run until April of 1996, any post-conviction practice taking place before the effective date of AEDPA is irrelevant and will not be discussed herein.

York Criminal Procedure Law (the "Section 440 Motion");

- the April 14, 1998 final decision on the Section 440 Motion and,
- the June 30, 1998 filing of the present petition

Taking the above dates into account, it is now clear to the court that Petitioner's AEDPA clock began to run on April 24, 1996, the effective date of AEDPA, and ran for a period of 104 days until the filing of the first habeas petition on August 6, 1996, when the statute was tolled. The statute began to run again, with 261 days remaining (365 days minus 104 days), on June 18, 1997, the date this court granted Petitioner's request to dismiss the first petition without prejudice. Thereafter, the statute ran for an additional 229 days (for a total of 333 days), until February 2, 1998, when Evans filed his Section 440 Motion. Upon the filing of this motion, Evans was left with 32 days on the AEDPA time clock (365 days minus 333 days). The final 32 days of the AEDPA clock began to run on May 14, 1998, when the Appellate Division of the New York State Supreme Court denied petitioner's application for leave to appeal from the denial by the County Court, Nassau County, of the Section 440 motion.

Forty-seven days elapsed between the final state court action and the filing of this habeas petition on June 30, 1998. Because Evans had only 32 days remaining on the AEDPA clock when the State Court took its final action, the present petition for habeas corpus was filed 15 days after the running of the AEDPA statute of limitations and must therefore, be dismissed as untimely.[2]

■ In a final argument, Petitioner seeks to have his petition held timely based upon the argument that he did not receive the final state court action with respect to his Section 440 Motion until May 21, 1998. It is argued that the AEDPA clock should not begin to run until Petitioner's actual receipt of the ruling on the Section 440 Motion. There is no provision in AEDPA that extends the toll of the statute of limitations until actual notice of a ruling is received. *Blouin v. Headley*, 70 F.Supp.2d 221, 224 (E.D.N.Y.1999). Indeed, the Second Circuit has recently made clear that a motion is "pending" for AEDPA purposes not until notice of a final action is received but, rather, only from the time the motion is filed until it is decided. *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir.2000). Accordingly, the court must reject a calculation of the time period based upon actual notice.

■ In light of the fact that the AEDPA statute ran when the present petition was filed, the court considers whether it is appropriate to apply equitable tolling to the AEDPA statute of limitations to render the present petition timely. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). Equitable tolling applies only if "rare and exceptional" circumstances make it impossible to file a petition on time. *Smith*, 208 F.3d at 17; *Torres v. Miller*, 1999 WL 714349 *6 (S.D.N.Y. August 27, 1999); *Burgos v. Greiner*, 1999 WL 551229 *3 (E.D.N.Y. June 21, 1999) (equitable tolling can be applied to AEDPA time period only if "party was prevented in some extraordinary way from exercising his rights").

Petitioner bears the burden of establishing an entitlement to equitable tolling. Courts should "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Torres v. Miller*, 1999 WL 714349 *6 (S.D.N.Y. August 27, 1999), quoting, *Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir.1997).

---

2. The court notes that while counsel agree upon the dates referred to above, Petitioner has argued that the petition is timely based upon a miscalculation of certain time periods.

For example, Petitioner incorrectly calculated the time period elapsed between June 18, 1997 and February 2, 1998 as 216 days when, in fact, the elapsed time was 229 days.

Upon consideration of the circumstances herein and the standards referred to above, the court holds that Petitioner has alleged no facts that would justify an equitable tolling of the AEDPA statute of limitations.

## CONCLUSION

In light of the foregoing, the petition is dismissed as untimely. The Clerk of the Court is directed to close the file in this case.

SO ORDERED