■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARENGO, Also Known as MICHAEL MORENGO, Appellant. [714 NYS2d 43] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 17, 1997, convicting defendant, after a jury trial, of eleven counts of robbery in the first degree and one count of robbery in the third degree, and sentencing him, as a persistent violent felony offender, to eleven concurrent terms of 25 years to life consecutive to a term of 3½ to 7 years, unanimously affirmed.

Defendant was charged in a single indictment with 12 counts of first-degree robbery arising from eight distinctively similar robberies committed in a three-month period against various small commercial establishments in Manhattan. Defendant's claim that the court should have severed the counts for trial is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the robberies were characterized by a sufficiently unique modus operandi (*see, People v Beam*, 57 NY2d 241, 251-253) and thus were properly joined pursuant to CPL 200.20 (2) (b) (*see, People v Davis*, 166 AD2d 197; *People v West*, 160 AD2d 301, *lv denied* 76 NY2d 798). In any event, the robberies were also properly joined as legally similar pursuant to CPL 200.20 (2) (c) and defendant has failed to establish that severance was warranted "in the interest of justice and for good cause shown" (CPL 200.20 [3]; *People v Lane*, 56 NY2d 1, 7). In these circumstances, counsel's failure to make a severance motion or to

object to the court's entirely proper instructions concerning the relationship between the charged incidents did not constitute ineffectiveness (*see, People v Alvarez*, 251 AD2d 265, *lv denied* 92 NY2d 980).

The court appropriately exercised its discretion in denying defendant's request for an adverse inference instruction concerning the People's failure to preserve certain 911 tapes since there was no bad faith or lack of diligence on the part of the People and defendant was not prejudiced (*People v Martinez*, 71 NY2d 937, 940). The unavailability of the 911 tapes was not prejudicial here since counsel was provided with Sprint reports which counsel used to elicit a claimed discrepancy in a witness's testimony (*see, People v Randolph*, 261 AD2d 154, *lv denied* 93 NY2d 1025; *People v Caba*, 255 AD2d 232, *lv denied* 93 NY2d 967; *People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077). Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.