Michael MARENGO, Petitioner,

v.

James T. CONWAY, Respondent.

No. 04 Civ. 2207(VM).

United States District Court,
S.D. New York.

Oct. 28, 2004.

Michael Marengo Attica, NY, pro se.

### *DECISION AND ORDER*

MARRERO, District Judge.

*Pro se* petitioner Michael Marengo ("Marengo") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254") challenging his conviction in New York State Supreme Court, New York County (the "trial court") of eleven counts of robbery in the first degree, in violation of New York Penal Law ("NYPL") § 160.15(3), (4), and one count of robbery in the third degree, in violation of NYPL § 160.05. The trial court sentenced Marengo as a persistent violent felony offender to eleven concurrent prison terms of 25 years to life on the first-degree robbery counts, to run consecutively to a term of three and one-half to seven years on the third-degree robbery count. Marengo is currently serving his sentence.

Marengo's habeas petition alleges that his federal constitutional rights were violated during his state criminal proceedings. Respondent, James T. Conway (the "State") moves this Court to dismiss Marengo's petition. For the reasons discussed below, the State's motion is granted.

## I. BACKGROUND

### A. FACTUAL SUMMARY AND PROCEDURAL HISTORY [1]

Marengo was arrested in connection with a police investigation into a series of eight robberies of Manhattan commercial establishments committed during April, May, and June of 1996. Marengo used a gun or a knife in each robbery. The final robbery took place at a yogurt shop and was recorded by the store's video surveillance camera. Police officers released the video tape to the public and an emergency 911 call led officers to the Senton Hotel in Manhattan on July 3, 1996. Shortly after arriving at the hotel, police officers observed Marengo running from the building. The officers arrested Marengo after recognizing him from the surveillance tape. Pursuant to a search warrant, the officers searched the hotel room where Marengo was staying and seized evidence that linked him to the robberies, including a cap and a knife.

Marengo was subsequently indicted for twelve counts of robbery in the first degree. After a jury trial, Marengo was found guilty of eleven of the twelve counts of robbery in the first degree, and one count of robbery in the third degree. The trial court sentenced Marengo as a persistent violent felony offender to eleven concurrent prison terms of 25 years to life to run consecutively to a term of three and one-half to seven years in prison.

On direct appeal to the New York Supreme Court Appellate Division, First Department (the "Appellate Division"), Marengo raised essentially the same arguments he raises in his habeas petition, namely, that: (1) the trial court deprived him of his right to due process and a fair trial by failing to sever the counts of the indictment charging him with eight separate robberies; (2) he was deprived of his right to effective assistance of counsel because his trial counsel failed to request severance or object to the court's *modus operandi* instruction; and (3) the trial court erred in denying his request for an adverse inference instruction to the jury with respect to the erasure of recorded 911 calls that related to some of the robberies.

On October 17, 2000, the Appellate Division unanimously affirmed the trial court's conviction. *See People v. Marengo*, 276 A.D.2d 358, 714 N.Y.S.2d 43 (1st Dep't 2000). Marengo sought leave to appeal to the New York Court of Appeals, which denied leave on November 27, 2000. *See People v. Marengo*, 95 N.Y.2d 936, 721 N.Y.S.2d 612, 744 N.E.2d 148 (2000).

On January 17, 2002, Marengo moved the trial court to vacate its judgment pursuant to New York Criminal Procedure Law ("NYCPL") § 440.10 (" § 440.10"). Marengo claimed that evidence derived from an illegal search and seizure had been presented against him at trial, and that his counsel at trial was ineffective in failing to move to suppress the evidence. The trial court denied Marengo's request on April 11, 2002, finding first that because the claims were not raised on direct appeal, they were unpreserved, and second, because the claims lacked substantive merit. *See People v. Marengo*, Ind. No.

---

1. The following factual and procedural summary is derived primarily from the following documents: Petition under 28 U.S.C. § 2254, *Marengo v. Conway*, No. 04 Civ. 2207, dated Jan. 24, 2004 ("Petition"); Memorandum of Law In Support of Petition for Habeas Corpus, dated Jan. 24, 2004 ("Pet.Mem."); Memorandum of Law In Support of Motion to Dismiss, dated July 23, 2004 ("Gov't Mem."); Respondent's Declaration in Support of Motion to Dismiss, dated July 23, 2004 ("Gov't Decl."); and Reply to Respondent's Notice of Motion to Dismiss and Memorandum of Law, dated Aug. 23, 2004 ("Pet.Reply"). Except where specifically referenced, no further citation to these sources will be made.

7014/96, slip op. 2 (N.Y.Sup.Ct. Apr. 11, 2002). Specifically, the trial court found that Marengo had failed to show that suppression of the evidence would have been required, and that his ineffective assistance of counsel claim was meritless because the result would probably not have differed in light of the overwhelming evidence presented at trial that linked him to the robberies. *See id.* at 2–3.

On May 20, 2002, Marengo sought leave to appeal the Order denying his § 440.10 motion. The Appellate Division denied leave on July 18, 2002. Marengo, however, asserts that he was not notified of the decision until sometime in early 2004, when the Appellate Division responded to his inquiry as to the status of his motion.

### B. *MARENGO'S HABEAS CORPUS PETITION*

Marengo asserts three claims in the instant petition.[2] First, Marengo argues that the trial court deprived him of his right to due process by failing to sever the counts of the indictment charging him with eight separate robberies, and by instructing the jury that it could consider the proof establishing any of the crimes charged to determine the identity of the perpetrator of an unrelated incident. Second, Marengo further asserts that the trial court deprived him of his right to a fair trial and confrontation by denying his request for an adverse inference instruction concerning the State's destruction of 911 tapes that had recorded reports of the

robberies. Finally, Marengo claims that he was deprived his right to effective assistance of counsel when his counsel failed to: (1) request severance, (2) object to the court's *modus operandi* instruction, and (3) move to suppress the evidence obtained from the hotel room pursuant to the search warrant.

On July 26, 2004, the State filed a motion to dismiss Marengo's habeas petition on the grounds that it is barred by the one-year statute of limitations period. The State further argues that even if Marengo's petition were timely, the substantive claims can be dismissed as meritless.[3]

### II. *DISCUSSION*

### A. *GENERAL PRINCIPLES FOR HABEAS CORPUS REVIEW*

A petitioner in custody pursuant to a judgment of a state trial court is entitled to habeas relief only if he can show that his detention violates the United States Constitution or federal law or treaties of the United States. *See* 28 U.S.C. § 2254(a). The purpose of federal habeas review of state court convictions is to "assure that when a person is detained unlawfully or in violation of his constitutional rights he will be afforded an independent determination by a federal court of the legality of his detention, even though the issue may already have been decided on the merits by a state tribunal." *United*

---

**2.** The Court notes that Marengo does not consistently discuss the same claims in his petition, memorandum in support thereof, and in his reply submission. Because the Court finds that all the claims suffer from both procedural and substantive defects, it need not endeavor to sort through the disarray of claims. The Court addresses all the claims as best they can be discerned.

**3.** The State did not fully brief its substantive grounds for granting its motion to dismiss

Marengo's petition, resting almost entirely on the statute of limitations basis. The State requests that in the event the Court were to deny its motion to dismiss, the Court grant the State an opportunity to file a brief in opposition to Marengo's substantive claims. As discussed below, the Court grants the State's motion on both procedural and substantive grounds, and thus, the State's request for additional time to file a supplemental brief is moot.

*States ex rel. Radich v. Criminal Court of New York,* 459 F.2d 745, 748 (2d Cir.1972).

## B. STANDARD OF REVIEW

Pursuant to the various sub-sections of § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, this Court's review is guided by certain restrictions on the nature and extent of review that a federal court can conduct in considering a habeas petition. Under § 2254, if a state court adjudicates a petitioner's federal claim on the merits, a federal court on habeas corpus review must defer to the state court's determination of that claim unless such adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

■ A state court adjudicates a petitioner's federal claim "on the merits," and thus triggers the highly-deferential AEDPA standard of review, when it: (1) disposes of the claim on the merits; and (2) reduces its disposition to judgment. *See Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001). In so doing, the state court need not explicitly refer to either the particular federal claim or to any federal case law. *See id.* The only requirement is that the claim be finally resolved, with res judicata effect, on substantive rather than procedural grounds. *See id.* at 311.

■ If the state court's adjudication of a petitioner's federal claim is not based on the merits—for example, when the decision rests solely on procedural grounds— the state court's decision on that claim is entitled to no deference. Instead, the federal court must apply a pre-AEDPA *de novo* review to the state court's disposition of the federal claim. *See Cotto v. Herbert,* 331 F.3d 217, 230 (2d Cir.2003) (citing *Aparicio v. Artuz,* 269 F.3d 78, 93 (2d Cir.2001)).

## C. STATUTE OF LIMITATIONS

AEDPA established a one-year limitation period for state prisoners seeking federal habeas corpus review. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

■ Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the calculation of the one-year limitation period. *Id.* § 2244(d)(2). The Second Circuit has made clear that a motion ceases to be "pending" under this provision of AEDPA as of the date that it is decided. *Geraci v. Senkowski,* 211 F.3d 6, 8–9 (2d Cir.2000) (citing *Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999)). Thus, the definition of the term "pending" in AEDPA does not in-

clude the time that passes between the date an order is filed and the date the defendant receives actual notice of the order because once a state court decides a motion that closes the door to further appellate review, the statute of limitations begins to run again. *See id.*

### D. *FACTUAL DETERMINATIONS BY THE STATE*

■ Under § 2254, factual determinations made by the state court are presumed to be correct, and the petitioner carries the burden to rebut this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Consequently, this Court presumes that the factual findings of the New York courts made in connection with Marengo's conviction are correct and will not set aside those findings unless "the material facts were not adequately developed" or the factual determinations are not fairly supported by the record. *Smith v. Mann,* 173 F.3d 73, 76 (2d Cir.1999).

### E. *INDEPENDENT AND ADEQUATE STATE GROUNDS*

■ Finally, under the doctrine of "independent and adequate state grounds," a federal court should not address a petitioner's habeas corpus claim if the state judgment can be sustained on state law grounds that are independent of the federal questions raised and that are adequate to support the judgment. *See Lee v. Kemna,* 534 U.S. 362, 375, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002) (citing *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); *see also Garcia v. Lewis,* 188 F.3d 71, 76–78 (2d Cir.1999). In cases where the highest state court that rendered a judgment in the case "clearly and expressly states that its judgment rests on a state procedural bar," such procedural default constitutes independent and adequate state grounds to deny habeas relief. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d

308 (1989) (internal quotations and citations omitted); *see also; Levine v. Commissioner of Corr. Servs.,* 44 F.3d 121, 126 (2d Cir.1995). This doctrine is prudential rather than jurisdictional. *See Lambrix v. Singletary,* 520 U.S. 518, 522–23, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997).

■ A procedural default may be excused, however, if the petitioner demonstrates either cause for the default and actual prejudice from the alleged violation of federal law; or that the failure to consider the claims will "result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. In this context, "cause" is defined as " 'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

■ A miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, . . . ." *Murray,* 477 U.S. at 496, 106 S.Ct. 2639; *see also Dixon v. Miller,* 293 F.3d 74, 81 (2d Cir.2002). A petitioner establishes actual innocence by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Dixon,* 293 F.3d at 81 (internal quotations and citations omitted). In this context, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citing *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)).

### F. *INEFFECTIVE ASSISTANCE OF COUNSEL*

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the

two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a criminal defendant must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. This burden entails overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689, 104 S.Ct. 2052 (internal quotations and citations omitted). In effect, the defendant must indicate "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, 104 S.Ct. 2052, and that he "failed to exercise the skills and *diligence* that a reasonably competent attorney would provide under similar circumstances." *Boria v. Keane*, 99 F.3d 492, 496 (2d Cir.1996) (citation omitted) (emphasis in original).

Once the first prong is satisfied, a defendant must then demonstrate actual prejudice to his case as a result of counsel's error. *See Strickland*, 466 U.S. at 691, 104 S.Ct. 2052 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); *accord United States v. Campbell*, 300 F.3d 202, 214 (2d Cir.2002) (stating that both *Strickland* prongs must be met in order for a petitioner to prevail on an ineffective assistance of counsel claim). The "prejudice" prong under *Strickland* is not simply outcome determinative, but rather, it focuses on the impact of counsel's performance on the overall integrity of the proceeding. *See Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Aeid v. Bennett*, 296 F.3d 58, 63 (2d Cir.2002).

In assessing a habeas claim of ineffective assistance of counsel, this Court has noted the important role of the *Strickland* test in discouraging meritless appeals. *See Percan v. United States*, 294 F.Supp.2d 505, 511 (S.D.N.Y.2003) ("Criminal defendants asserting ineffective assistance of counsel are required to satisfy ... [the *Strickland* test] in order to deter a baseless attack on the performance of counsel in a last-ditch effort to avoid a conviction or reduce the sentence."); *see also Kimmelman v. Morrison*, 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (referring to the *Strickland* test as "highly demanding").

## G. *APPLICATION*

Against these legal standards, the Court considers the parties' claims.

### 1. *Statute of Limitations*

■■■ The State argues that Marengo's habeas petition should be dismissed because it was not filed within the one-year limitation period stipulated in AEDPA. *See* 28 U.S.C. § 2244(d)(1). The Court agrees. Marengo's judgment of conviction was affirmed by the Appellate Division on October 17, 2000 and the Court of Appeals denied him leave to appeal on November 27, 2000. Marengo then had 90 days to petition the United States Supreme Court for certiorari. Once this opportunity expired on February 25, 2001, Marengo's judgment of conviction became final and AEDPA's one-year limitation period began to run.

■■■ As discussed above, AEDPA provides that the limitation period shall be tolled during the pendency of "a properly filed application for State post-conviction or other collateral review," *Id.* § 2244(d)(2), and such a motion ceases to be pending as of the date it is decided. As applied to this case, tolling of Marengo's

time period to file his habeas petition began on January 17, 2002, when Marengo filed his § 440.10 motion. The tolling ceased on July 18, 2002, when the Appellate Division denied Marengo's application for leave to appeal the denial of the motion. As of that date, Marengo had 39 days, or until August 26, 2002, to file his habeas petition. Marengo's petition, filed on or about January 24, 2004, was thus untimely by approximately 17 months.

■ Marengo argues that the Court should equitably toll the statute of limitations until December 30, 2003, the date stamped on the notice he received from the Appellate Division in response to his inquiry regarding his § 440.10 motion. According to Marengo, the Appellate Division's alleged failure to notify him shortly after the motion was denied on July 18, 2002 amounted to a state-created "impediment" to filing his petition that warrants tolling of the applicable statute of limitations.

■ The doctrine of equitable tolling applies to AEDPA. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). Marengo carries the burden of demonstrating entitlement to equitable tolling. *See Evans v. Senkowski*, 105 F.Supp.2d 97, 100 (E.D.N.Y.2000). The Second Circuit has stated that "[e]quitable tolling applies only in the 'rare and exceptional circumstance[ ],' " *Smith*, 208 F.3d at 17 (citation omitted), and is limited to cases where " 'extraordinary circumstances' prevent a prisoner from filing a timely habeas petition." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.2000) (citation omitted). Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Id.* In this regard, the United States Supreme Court has explained that equitable tolling should be allowed "only sparingly" and not "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Equitable tolling will also be denied where the want of due diligence is attributable to the claimant's attorney. *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir.2002) (citation omitted).

Against this standard, it is clear that there is no basis to apply equitable tolling in this case. Marengo has failed to demonstrate that his alleged lack of notice constituted an "extraordinary circumstance" and that he acted with "reasonable diligence." Specifically, Marengo offers no explanation as to why he waited until approximately 19 months after the decision to inquire into the status of his motion. The Court finds that this lengthy and unexplained delay demonstrates a clear lack of due diligence on Marengo's part so as to militate against equitably tolling the statute of limitations.

District courts in this circuit have consistently rejected claims for equitable tolling under very similar facts. *See e.g., Rodriguez v. People*, No. 01 Civ. 9374KMWAJP, 2003 WL 289598, at *17 (S.D.N.Y. Feb.11, 2003) (declining to equitably toll where the attorney failed to file notice of appeal because it was not reasonably diligent for the defendant to wait over 18 months before inquiring into the status of his appeal); *Anderson v. O'Gara*, No. 01 Civ. 5712WHP GWG, 2002 WL 1633917, at *4–5 (S.D.N.Y. Jul.23, 2002) (dismissing the habeas petition as untimely because the statutory tolling ended when the decision denying *coram nobis* petition was issued, even where the petitioner did not receive actual notice of the denial); *Ferguson v. Mantello*, No. 00 Civ.2098 (SAS), 2000 WL 1721140, at *2 (S.D.N.Y. Nov. 16, 2000) (holding lack of notice to be an insufficient basis for equitable tolling where the

petitioner did not inquire into the status of the appeal until 18 months after leave was denied); *Plowden v. Romine*, 78 F.Supp.2d 115, 119 (E.D.N.Y.1999) (dismissing habeas petition despite lack of notice because petitioner failed to act with "reasonable diligence" after 17 months elapsed before inquiring into status of his request for leave to appeal); *Mandarino v. United States*, No. 98 Civ. 590 (LBS), 91 Crim. 868 (LBS), 1998 WL 729703, at *2 (S.D.N.Y. Oct.16, 1998) (dismissing a habeas petition as untimely, in part, because the petitioner should have consulted case reporters to discover that his petition for certiorari to the Supreme Court had been denied).

In light of the foregoing, the Court holds that Marengo has failed to allege any facts that would justify equitable tolling of the one-year limitation period. His petition is therefore denied as barred by AEDPA's statute of limitations.

### 2. *Marengo's Substantive Claims*

 Although the Court finds that Marengo's petition for a writ of habeas corpus is properly denied as untimely, the Court also finds that there is no merit to the substantive claims made in his petition. Although Marengo never moved to sever the counts in the indictment charging him with eight separate robberies, he now claims that the trial court erred in failing to so do, and thereby deprived him of his constitutional right to due process and a fair trial. Marengo further argues that the trial court's *modus operandi* instruction was erroneous and further aggravated the prejudice caused by the alleged severance error. According to Marengo, the joinder of the counts and the *modus operandi* instruction enabled the jury to convict him of the weaker charges based on identification evidence tied to the stronger charges.

At the outset, the Court notes that Marengo raised this claim on direct appeal before the Appellate Division where it was rejected as unpreserved. *See People v. Marengo*, 276 A.D.2d 358, 714 N.Y.S.2d 43, 44 (1st Dep't 2000). As discussed above, a state court's denial of a claim on these grounds constitutes an independent and adequate state law grounds to deny habeas relief. *See Lee v. Kemna*, 534 U.S. 362, 375, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002) (citing *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); *see also Garcia v. Lewis*, 188 F.3d 71, 76–78 (2d Cir.1999). The Appellate Division's decision that review of this claim was barred because the issues were unpreserved constitutes a state law ground independent of the federal questions raised, and it adequately supports the judgment. Marengo does not allege any cause for this default nor does he allege factual innocence to suggest that a miscarriage of justice would result if his petition were denied on this ground. Accordingly, the Court rejects this claim for the additional reason that there is an independent and adequate state ground to support the state's determination of the claim. *See Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotations and citations omitted); *Levine v. Commissioner of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir.1995).

 Even were the Court to disregard these procedural impediments to Marengo's severance claim, the Court nevertheless discerns no constitutional error to warrant habeas relief. Marengo argues that the eight robberies were sufficiently dissimilar to warrant severance of the counts. In particular, Marengo points out that the particular type of weapon used in the various robberies differed to some extent.

The Court finds this argument unpersuasive. While there were some differences among the robberies, there were also sufficient similarities such that the trial court properly exercised its discretion in not severing the counts. As the State points out, all the robberies were committed during business hours against Manhattan commercial establishments by a single man wearing a baseball cap. Indeed, the Appellate Division, in considering the claim despite the fact that it was unpreserved, so found.[4] The Court discerns no federal constitutional error from this finding. To the extent that such a holding may run afoul of New York State law or procedure, such an error is not cognizable on habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) ("federal habeas corpus relief does not lie for errors of state law.").

■■■■ For the same reasons, the Court rejects Marengo's challenge to the trial court's *modus operandi* instruction. Errors in state jury instructions do not generally give rise to habeas relief. *See Gilmore v. Taylor*, 508 U.S. 333, 344, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993). For a federal court to grant habeas relief in these instances, the petitioner must demonstrate not only that the instruction misstated the applicable law, but also that the error was so egregious that he was deprived of a right under federal law. *See Sams v. Walker*, 18 F.3d 167, 171 (2d Cir.1994). Marengo has shown neither, and thus, the Court rejects this claim.

Turning to Marengo's claims of ineffective assistance of counsel, the Court finds that Marengo has failed to meet the exacting burden under *Strickland*. Marengo argues that his counsel was ineffective for failing to seek severance of the counts, object to the court's *modus operandi* instruction, and for counsel's failure to move to suppress the evidence obtained from the hotel room that the officers obtained in executing the search warrant.

Because, as discussed above, the trial court did not violate Marengo's federal constitutional rights when it failed to sever the counts in the indictment, or when it instructed the jury on *modus operandi* evidence, counsel's decision to not request severance or object to the jury instruction did not constitute an "error[ ] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Moreover, Marengo has not demonstrated that even if any such error occurred, that the result would likely have been different, as required by the second prong of *Strickland*. In light of the overwhelming evidence against Marengo, in particular, the several victims who identified him, there has been no showing of prejudice.

In rather conclusory fashion, Marengo also asserts that his counsel was ineffective for failing to move to suppress the evidence seized in the hotel room pursuant to the search warrant, stating only that the information received from the hotel manager, presumably forming the basis for the warrant, was insufficient to establish probable cause. As the trial court noted, however, this argument overlooks that the issuance of the search warrant was also based on the police officers' own identification of Marengo outside the hotel (after having viewed the videotape of the final robbery). Thus, Marengo's arguments on this point are unpersuasive.

---

4. Specifically, the Appellate Division found that the robberies were "characterized by a sufficiently unique modus operandi" to not warrant severance and that Marengo had failed to show cause why the counts should in fairness have been severed. *See People v. Marengo*, 276 A.D.2d 358, 714 N.Y.S.2d 43, 44 (1st Dep't 2000).

Accordingly, because Marengo has failed to carry his heavy burden under the *Strickland* standard on any of his asserted grounds, the Court rejects his ineffective assistance of counsel claims.

 Finally, Marengo makes a cursory argument in his petition that the erasure of the recorded 911 tapes where the robberies were reported deprived him of his constitutional right to a fair trial and to confront the witnesses against him. Marengo does not, however, allege any bad faith or intentional destruction of evidence. Rather, the record reflects that Marengo failed to specifically request the tapes prior to their routine erasure as a matter of practice after a certain amount of time has elapsed.

In asserting this claim, Marengo fails to articulate just how the absence of these tapes was prejudicial.[5] Nor is there anything in the record to suggest that these tapes would have in any way exculpated Marengo. Moreover, the Appellate Division found that the loss of the tapes was not prejudicial because Marengo's counsel was provided with phone records that were used to elicit a claimed discrepancy in one witness's testimony. *See Marengo,* 714 N.Y.S.2d at 44. The Court discerns no constitutional error in this regard and thus, Marengo's claim on this point is rejected.

Accordingly, the Court grants the State's motion to dismiss Marengo's petition for a writ of habeas corpus on the grounds that it was untimely filed. The Court also grants the State's motion on the grounds that, even if the petition were timely filed, there is no merit to any of Marengo's claims.

---

5. Indeed, because the tapes were never introduced at trial, Marengo's asserted violation of

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of respondent James T. Conway to dismiss the petition of Michael Marengo ("Marengo") for a writ of habeas corpus under 28 U.S.C. § 2254 is GRANTED. Marengo's petition is denied in its entirety.

Because Marengo has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

**SO ORDERED**

his confrontation clause claim due to their destruction is baseless.