The People of the State of New York, Respondent, 
against
Eric Reddick, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Felicia A. Mennin, J.), rendered July 27, 2015, after a nonjury trial, convicting him of driving while ability impaired, and imposing sentence.




Per Curiam.
Judgment of conviction, (Felicia A. Mennin, J.), rendered July 27, 2015, affirmed.
The verdict convicting defendant of driving while ability impaired (see Vehicle and Traffic Law § 1192[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations, including its assessment of police testimony that defendant drove "back and forth" between lanes "at a high rate of speed" and exhibited visible signs of intoxication - his eyes were bloodshot and watery, his speech was slurred, his breath had a odor of alcohol, and he was "swaying" when he exited the vehicle (see People v Reyes, 136 AD3d 443 [2016]; see also People v Cruz, 48 NY2d 419, 426—427 [1979], appeal dismissed 446 US 901 [1980]). 
The court appropriately exercised its discretion in denying defendant's request for an adverse inference instruction concerning the People's failure to preserve a tape of a 911 call to police and the radio run transmission that was broadcast in response to it, since there was no bad faith or lack of diligence on the part of the People (see People v Martinez, 71 NY2d 937, 940 [1988]; People v Marengo, 276 AD2d 358, 359 [2000], lv denied 95 NY2d 936 [2000]), and defendant has not established that he was prejudiced by the absence of the tape (see People v Martinez, 22 NY3d 551, 567 [2014]). Testimony regarding the radio run was not admitted for the truth of the matter asserted, but solely as background to explain why the officer took certain actions. Defendant's claim that the actual recording of the radio run would have revealed discrepancies in the officer's notes of the transmission is speculative (see People v Bailey, 24 AD3d 106 [2005], lv denied 6 NY3d 773 [2006]), and does not demonstrate prejudice in light of the officer's first-hand observation of both defendant's manner of driving, and his appearance and comportment at the scene (see People v Heredia, 62 AD3d 615 [2009], lv denied 13 NY3d 745 [2009]).
We have considered and rejected defendant's remaining argument.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 20, 2018