Liza MAMARADLO, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 00–2474.

United States Court of Appeals,
Second Circuit.

April 16, 2001.

**40**

David E. Liebman, New York, NY, for appellant.

Stanley J. Okula, Jr., Cathy Seibel, Assistant United States Attorneys, New York, NY, for appellee.

Present FEINBERG, McLAUGHLIN, and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Liza Mamaradlo appeals from the judgment of the United States District Court for the Southern District of New York (Patterson, J.) entered on May 27, 2000, dismissing her motion brought pursuant to 28 U.S.C. § 2255.

On January 29, 1997, Mamaradlo was sentenced to eighteen months imprisonment, three years supervised release and restitution in the amount of $389,616 after pleading guilty to two counts of embezzlement. The district court granted Mamaradlo's request that she be allowed to surrender herself in June 1997 so that Mamaradlo could arrange for the care of her daughter while she served her sentence. Mamaradlo did not file a direct appeal. Mamaradlo failed to surrender in June 1997 and, instead, remained a fugitive for over two years, until her arrest in Arizona in August 1999.

More than three years after her conviction became final, Mamaradlo filed the instant motion to vacate her conviction under 28 U.S.C. § 2255. She asserted that she had been denied effective assistance of counsel, because her attorney failed to spend adequate time preparing her case and failed to inform her of the consequences of the plea agreement with the Government. The Government responded that Mamaradlo's petition was time-barred under the one-year limitation period added to 28 U.S.C. § 2255 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. The district court agreed with the government, and rejected Mamaradlo's assertion that equitable tolling applied because she had failed to demonstrate "extraordinary circumstances" sufficient to warrant tolling. The district court granted a Certificate of Appealability, which stated that "the issue of whether the circumstances that contributed to petitioner's delay in filing her motion are extraordinary is 'debatable,' because of petitioner's decision to abscond after sentence was imposed and judgment entered."

■ We have adopted the doctrine of equitable tolling in the context of AEDPA's statute of limitations provisions. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). "In order to equitably toll the one-year period of limitations, [petitioner] must show that extraordinary circumstances prevented him from filing his petition on time." *Id.* (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). We have also noted that "[a] petitioner's own behavior ... may ... fatally undermine his claim that 'rare and extraordinary' or 'exceptional' circumstances warrant equitable tolling." *Valverde v. Stinson*, 224 F.3d 129, 133 n. 3 (2d Cir. 2000).

■ While the circumstances here are somewhat unusual they certainly did not prevent petitioner from filing her petition. She could have, at any time, surrendered and filed. Therefore, we agree with the district court's conclusion that Mamaradlo has failed to demonstrate the requisite extraordinary circumstances, especially given that her own behavior contributed to the late filing of this motion.

For the reasons set forth above, the judgment of the district court is AFFIRMED.