Maureen MACDONNELL,
Plaintiff–Appellant,

v.

LIBERTY CENTRAL SCHOOL
DISTRICT, Defendant–
Appellee.

No. 04–1579.

United States Court of Appeals,
Second Circuit.

Nov. 10, 2004.

Dan Getman, Law Office of Dan Getman, New Paltz, N.Y., for Plaintiff–Appellant.

John Henry, Whiteman Osterman & Hanna LLP, Albany, N.Y., for Defendant–Appellee.

Present: CARDAMONE, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff Maureen MacDonnell appeals from the judgment of the United States District Court for the Southern District of New York (Yanthis, *M.J.*), entered February 23, 2004, granting defendant's motion for summary judgment and dismissing her charges of sex discrimination under Title VII of the Civil Rights Act of 1964.[1] We assume the parties' familiarity with the underlying facts and procedural history of the case. For the reasons that follow, we conclude that summary judgment was properly granted and affirm the judgment of the district court.

The district court's grant of summary judgment is reviewed *de novo* and all ambiguities and factual inferences are resolved in the light most favorable to the party opposing the motion. *Treglia v. Town of Manlius,* 313 F.3d 713, 718–19 (2d Cir.2002).

■ MacDonnell filed her EEOC charge of gender discrimination on December 4, 2000. In New York state, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts to comply with the statutory period set by 42 U.S.C. § 2000e–5(e)(1) (2000). *See Elmenayer v. ABF Freight Sys., Inc.,* 318 F.3d 130, 133 (2d Cir.2003) (citing 42 U.S.C. § 2000e–5(e)(1)). To introduce evidence of incidents that occurred prior to February 8, 2000, MacDonnell claims that the discriminatory events constitute a continuing violation. Under the continuing violation exception, "a plaintiff who files a timely EEOC charge about a particular discriminatory act committed in furtherance of an

---

**1.** There is inconsistency in the record concerning the spelling of the plaintiff's last name. Though the caption on the docket sheet docket sheet spells it "MacDonnel," in the plaintiff's briefs it is spelled "MacDonnell." We defer to the plaintiff's spelling.

The Magistrate Judge's order also dismissed MacDonnell's claims of discrimination under the Americans with Disability Act. MacDonnell does not appeal that dismissal.

ongoing policy of discrimination extends the limitations period for all claims of discriminatory acts committed under that policy even if those acts, standing alone, would have been barred by the statute of limitations." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir.1997); *see Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998). The untimely events that MacDonnell alleges, a change in job responsibilities and "speed memos" that detailed responsibilities MacDonnell had failed to complete and directed her to improve her performance, are "discrete discriminatory acts" that do not constitute a continuing violation. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Elmenayer*, 318 F.3d at 134.

■ Alternatively, MacDonnell argues that her claims should be equitably tolled in light of her depression. The district court did not abuse its discretion in concluding that MacDonnell did not demonstrate the necessary "extraordinary" circumstances to warrant equitable tolling as she resumed her part-time job at the post office within the statutory time period and was represented by counsel. *Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 81 (2d Cir.2003); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000).

We therefore find that both the continuing violation doctrine and equitable tolling are inapplicable and thus, plaintiff's discrimination claims-apart from those alleged after February 8, 2000—are untimely.

■ Summary judgment was properly granted on MacDonnell's sex discrimination claims for events that occurred after February 8, 2000. To establish a prima facie case of gender discrimination under Title VII, a claimant must show that: 1) she belonged to a protected class; 2) she was qualified for the position; 3) she suf-

fered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *See Collins v. N.Y. City Transit Auth.*, 305 F.3d 113, 118 (2d Cir.2002). During the relevant time period, MacDonnell received "speed memos" and attended meetings with her supervisors, but did not suffer any tangible loss or unfavorable consequence. Accordingly, MacDonnell fails to state a prima facie case as she does not allege an adverse employment action.

■ In support of her hostile work environment claim, MacDonnell is permitted to introduce evidence of all incidents, including those deemed time-barred, as long as some portion of the offensive conduct fell within the 300–day time period. *See Morgan*, 536 U.S. at 115–17, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (holding that hostile work environment claims are different in kind from discrete-act claims and the employment practice cannot be said to occur on a particular day). Summary judgment is appropriate on MacDonnell's hostile work environment claim as she fails to allege incidents sufficiently severe or pervasive to create an environment that a reasonable person would find hostile or abusive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Additionally, MacDonnell does not demonstrate that Liberty Central School District was aware of the objectionable conduct while it was taking place. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir.1997).

Accordingly, the district court's February 23, 2004 order granting Liberty Central School District's motion for summary judgment is hereby AFFIRMED.