**Kevin SMITH, Petitioner,**

v.

**Michael McGINNIS, Superintendent Southport Correctional Facility, Respondent.**

No. CV 98–1034(RJD).

United States District Court, E.D. New York.

March 17, 1999.

Robert J. Boyle, New York City, for Petitioner.

### MEMORANDUM & ORDER

DEARIE, District Judge.

Petitioner Kevin Smith seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1) and *Ross v. Artuz,* 150 F.3d

97 (2d Cir.1998). Petitioner urges that the petition is timely, arguing that his state post-conviction motions reset the limitations period that had otherwise expired. For the reasons stated below, respondent's motion to dismiss is granted.

### Background

On November 9, 1984, petitioner and his cohort Calvin Lee attempted to rob Frederick Shaw on a street corner in Brooklyn. When two friends of Shaw, Trent Richardson and Gary Van Dorn, came to Shaw's aid, petitioner and Lee retreated. Later, petitioner and Lee returned to the scene with a gun. Lee began shooting as he ran across the street after Shaw, Van Dorn, and Richardson. When Van Dorn fell, Lee handed his gun to petitioner, who then shot Van Dorn in the back, killing him.

A jury in New York Supreme Court, Kings County, found petitioner guilty of murder in the second degree, two counts of attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. The court sentenced petitioner to concurrent terms of imprisonment of twenty-five years to life, five to fifteen years, and one and one-third to four years, respectively.

On September 26, 1988, petitioner moved to vacate his judgment of conviction pursuant to N.Y. Criminal Procedure Law § 440.10, claiming juror misconduct and that his conviction was obtained by duress. On November 22, 1988, the trial court denied petitioner's motion.

On December 15, 1989, assigned appellate counsel filed a brief on petitioner's behalf in the Appellate Division, Second Department, in which petitioner raised the following claims: (1) his conviction had been obtained by duress because the main eyewitness had been incarcerated on perjury charges prior to his testimony; (2) several instances of juror misconduct during voir dire warranted reversal;[1] and (3)

---

**1.** These first two claims were the subject of defendant's prior unsuccessful motion to va-

cate his judgment of conviction.

the trial court abused its discretion in discharging two sworn jurors who were considered by the court to be unavailable for continued service.

On December 24, 1990, the Appellate Division unanimously affirmed petitioner's judgment of conviction. *People v. Smith,* 168 A.D.2d 653, 563 N.Y.S.2d 483 (2d Dep't 1990). On April 3, 1991, the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Smith,* 77 N.Y.2d 967, 570 N.Y.S.2d 501, 573 N.E.2d 589 (1991).

Petitioner, proceeding *pro se,* filed another 440 motion on August 4, 1992, claiming that (1) he had received ineffective assistance of trial counsel; (2) that he had newly discovered evidence in the form of an exculpatory witness; and (3) that the judgment was obtained in violation of his right to be present at a material stage of trial. On February 17, 1993, the Supreme Court denied his motion, and on May 19, 1993, the Appellate Division denied petitioner's application for leave to appeal.

On April 23, 1997, petitioner's newly retained counsel served respondent with a motion for a writ of error *coram nobis,* and on May 1, 1997, the motion was filed at the Appellate Division. In the motion, petitioner claimed that appellate counsel was ineffective for failing to raise on appeal that his right to be present at material proceedings was violated by his absence from two proceedings pertaining to the material witness order for Trent Richardson. On November 17, 1997, the Appellate Division unanimously denied defendant's application. *People v. Smith,* 244 A.D.2d 515, 665 N.Y.S.2d 919 (2d Dep't 1997).

On February 12, 1998, petitioner filed this petition for a writ of *habeas corpus,* raising only the ineffective assistance of appellate counsel claim that he raised in the *coram nobis* petition.

### Discussion

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The AEDPA, among other things, amended 28 U.S.C. § 2244 to provide a one-year limitations period for the filing of *habeas corpus* petitions. The one-year period runs from the latest to occur of certain events, only one of which is relevant in this case: 1) the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA further provides that the pendency of a properly filed application for State post-conviction or other collateral review will toll "any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On June 24, 1998, the Second Circuit held in *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998) that a state prisoner whose judgment of conviction became final before the enactment of the AEDPA is allowed a "grace period" of one year after the effective date of the AEDPA in which to file his petition.

Petitioner's conviction became final on July 2, 1991, ninety days after the New York Court of Appeals denied his leave application and the date when his time to seek a writ of certiorari from the United States Supreme Court expired. Because his conviction became final before the effective date of the AEDPA on April 24, 1996, he was not required to file his petition until April 24, 1997, the end of the one-year grace period. *Ross,* 150 F.3d 97. However, petitioner, having filed his petition on February 12, 1998, exceeded the one-year grace period by 290 days.

Respondent asserts that only a portion of this 290–day delay can be tolled pursuant to § 2244(d)(2) by the pendency of a properly filed application for State collateral review. Respondent points out that on April 23, 1997 (three days before the end of the one-year grace period under *Ross* ), petitioner served respondent with a

*coram nobis* petition. The petition was denied on November 17, 1997. Respondent agrees that during the 208–day pendency of this *coram nobis* petition, the one-year grace period under *Ross* for filing a *habeas* petition was tolled. However, respondent asserts that because there remained only 3 days in petitioner's grace period at the time his *coram nobis* petition was denied, petitioner's *habeas*, filed 87 days after the petition was denied, is time-barred.

Petitioner, on the other hand, claims that because his petition was filed within 3 months of the Appellate Division's denial of his *coram nobis* petition, his petition was filed "well-within the one year time limitation set forth in 28 U.S.C. § 2244(d)(1)." Pet.Opp. at 4. Petitioner, in effect, argues that the one-year limitations period of the AEDPA does not begin to run until after direct review has been completed *and* after any State collateral review has been exhausted.

Petitioner cites one case in this Circuit, *Valentine v. Senkowski*, 966 F.Supp. 239 (S.D.N.Y.1997) (Brient, J.), in support of his view that the "State post-conviction or other collateral review" referred to in § 2244(d)(2) does not merely toll, but actually resets the one-year limitations period of the AEDPA. In *Valentine*, the petitioner's judgment of conviction became final by the expiration of the time for seeking direct review on January 20, 1993. *Id.* at 240. However, on November 21, 1996, petitioner filed a petition *coram nobis*. *Id.* Citing the tolling provision of § 2244(d)(2), the *Valentine* court found that the petitioner's *habeas* petition was timely because, "regardless of the time that passed since his conviction, Mr. Valentine filed his federal *habeas corpus* petition less than a year after his leave to appeal the denial of the *coram nobis* was denied." *Id.* at 241. The court opined that "it is clear both from the plain meaning of the statute and the

legislative history of the Act . . . that the 1–year period of limitations does not begin to run until after direct review has been completed and state post-conviction review has been exhausted." *Id.* at 241.

This Court, however, has found no other case in this or any other circuit to support the view that the filing of state collateral attacks on a judgment resets the one-year limitations period which would otherwise be expired under § 2244(d)(1) or its judicially created gloss in this Circuit, *Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998). On the contrary, since *Valentine*, two district courts in this Circuit have declined to follow this view.

In *Cromwell v. Keane*, 33 F.Supp.2d 282 (S.D.N.Y. 1999), for example, the court rejected such a construction of the § 2244(d)(2) tolling provision, finding that "[t]hat section does not state that the one-year statute begins to run anew after decision on a state collateral attack. Such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year statute of limitations through the device of bringing a belated state collateral attack." *Id.* at 285.

Similarly, in *Seow v. Artuz*, 1998 WL 456416 (E.D.N.Y. June 10, 1998), Judge Nickerson confronted a *habeas* petition that was filed over four years after the conviction became final but only six months after the petition for collateral relief was denied. *Id.* at 2. Holding that the petitioner did not file his *habeas* petition within a "reasonable time"[2], the *Seow* court concluded that "the Court has no occasion to consider whether petitioner's application for collateral relief can be used to revive a right to federal relief which otherwise would be time barred under the Act, *thus evading the intent of the new law*" (emphasis added). *Id.* at *2. *See also Powell v. Williams*, 981 F.Supp. 1409 (D.N.M.1997) (noting that "at least one

---

**2.** The "reasonable time" standard of *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997) was then still controlling.

district court has held that 'the 1–year period of limitations does not begin to run until after direct review has been completed and state post-conviction review has been exhausted [citing *Valentine* ]' ", court rejects this view because the "result[s] would be contrary to the intent of the new *habeas* amendments.").

According to the House of Representatives Judiciary Committee, the AEDPA serves a dual purpose. The Act is designed to "[1] curb the lengthy delays in filing that now often occur in federal habeas corpus litigation, while [2] preserving the availability of review when a prisoner diligently pursues state remedies and applies for federal *habeas* review in a timely manner." H.Rep. No. 104–23 at 29. In New York, state post-conviction collateral relief such as Rule 440 motions and petitions *coram nobis,* both of which the instant petitioner filed before filing his *habeas* petition, are available at any time to a prisoner convicted under New York law. If the one-year limitations period does not begin to run until the "exhaustion" of these state collateral proceedings, then a prisoner serving a New York state court sentence can effectively thwart the first prong of the AEDPA's stated purpose—namely, to cut down on lengthy delays in filing federal *habeas corpus* petitions.

In contrast, there is no indication that construing § 2244(d)(2) as merely tolling, rather than resetting, petitioner Smith's one-year limitations period, would obstruct the goals of the AEDPA's *habeas corpus* reform provisions. The AEDPA's second stated purpose is to "preserv[e] the availability of review when a prisoner diligently pursues state remedies and applies for federal *habeas* review in a timely manner." H.Rep. No. 104–23 at 29. However, petitioner Smith was not diligent in pursuing state remedies, as he did not seek his state *coram nobis* remedy until 362 days after his limitations period began under *Ross.*

Nevertheless, petitioner argues that his *habeas* petition was timely since the ineffective assistance of appellate counsel claim could not have been raised in federal court until after it had been exhausted in state court. The Court disagrees with this analysis. Both the *coram nobis* petition that petitioner urges should reset the one-year grace period, and the *habeas* petition filed 3 months later, claim that appellate counsel was ineffective for failing to raise on appeal petitioner's absence during a material proceeding at trial. However, the issue of plaintiff's absence during a material proceeding at trial was raised in petitioner's Rule 440 motion, which was filed in February 1993 and denied in May 1993. The Court therefore does not confront a scenario in which a *habeas* petition asserts a legal claim that went unreviewed prior to the State collateral attack that the petitioner urges should reset his one-year grace period. Furthermore, this is not a case in which the "freshness" of a justifiably late claim warrants a new period for purposes of federal review.

***Conclusion***

For the reasons laid out above, petitioner's *habeas* petition is dismissed as untimely. The Clerk of the Court is directed to close this case.

SO ORDERED.