**Kevin SMITH, Petitioner–Appellant,**

v.

**Michael McGINNIS, Superintendent, Southport Correctional Facility, Respondent–Appellee.**

**Docket No. 99–2227**

United States Court of Appeals, Second Circuit.

Argued: Dec. 1, 1999

Decided: March 13, 2000

---

Robert J. Boyle, New York, NY, for Petitioner–Appellant.

Amy Applebaum, Assistant District Attorney, (Charles J. Hynes, Kings County District Attorney, Roseann B. MacKechnie, Assistant District Attorney) Brooklyn, NY, for Respondent–Appellee.

Before: POOLER, McLAUGHLIN, and SACK, Circuit Judges.

PER CURIAM:

Kevin Smith appeals from the March 26, 1999, judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *J.*) dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(d).

## BACKGROUND

A Kings County jury convicted Smith in 1987 of second-degree murder and second and third-degree criminal possession of a weapon. Smith pursued direct appeals, all of which were unsuccessful, and his conviction became final on July 2, 1991.[1] In 1988 and 1992, Smith filed motions pursuant to N.Y. Crim. Proc. L. § 440.10 to vacate his judgment of conviction, but state courts denied the relief. On May 1, 1997, Smith filed a petition for a writ of error coram nobis in state court. Smith served the petition on April 23, 1997. The coram nobis petition contained a claim regarding denial of effective assistance of appellate counsel. The state court denied the petition on November 17, 1997. Shortly thereafter, on February 12, 1998, Smith filed his federal habeas corpus petition raising the same ineffective assistance of appellate counsel claim.

By memorandum and order dated March 17, 1999, Judge Dearie dismissed the federal petition as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Smith v. McGinnis,* 49 F.Supp.2d 102 (E.D.N.Y. 1999). Judge Dearie rejected Smith's argument that the applicable one-year statute of limitations ran from the date the state court denied his coram nobis petition. *See id.* at 104–05. The district court also held that Smith "was not diligent in pursuing state remedies." *Id.* at 105. Judge Dearie granted Smith a certificate of appealability on May 28, 1999. This appeal presents questions of law that we review *de novo.*

## DISCUSSION

### I. Calculation of tolling period

■ Petitioner-appellant presents a question of first impression in this circuit,

namely whether the one-year limitations period in the AEDPA began on the date he exhausted state collateral review or merely tolled while his state application was pending. Specifically, Smith contends that the ineffective assistance of appellate counsel claim presented in his state coram nobis and federal habeas corpus petitions did not accrue until the state court denied relief on November 17, 1997. Smith therefore argues that the one-year period in which he had to file his federal habeas petition began on November 17, 1997, and his February 12, 1998, federal petition was timely. The district court correctly rejected Smith's effort to reset the one-year limitations period. In affirming the decision of the district court, we align ourselves with our sister circuits that have addressed this issue.

In general, the AEDPA restricts the ability of prisoners to seek federal review of their state criminal convictions. Section 2244(d) created a new one-year statute of limitations in which state prisoners could file applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period most generally runs from the date on which the state criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Prisoners like Smith, whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997. *See Ross,* 150 F.3d at 102–03. Section 2244 also has a tolling provision that applies to both the statute of limitations and the one-year grace period. *See Bennett v. Artuz,* 199 F.3d 116, 119 (2d Cir.1999) (holding that "AEDPA's pending-state-petition tolling provision does apply to a petition challenging a pre-AEDPA conviction"), *cert. granted,* — U.S. —, 120 S.Ct. 1669, 146 L.Ed.2d 479 (2000).

---

1. July 2, 1991, was the expiration of the time in which Smith could seek a writ of certiorari from the United States Supreme Court. *See Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998) (holding that petitioner's conviction became final for Antiterrorism and Effective Death Penalty Act ("AEDPA") purposes when his time to seek direct review in the United States Supreme Court expired).

Section 2244(d)(2) states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Smith's appeal concerns the proper application of the tolling provision and calculation of the one-year grace period. There is no dispute that because Smith's conviction became final in July 1991, before the effective date of the AEDPA, he obtained the benefit of the one-year grace period and had until April 24, 1997, to file a federal habeas corpus petition. There also is no dispute that his state coram nobis petition, if pending within that one-year grace period, would trigger Section 2244(d)(2)'s tolling allowance.[2] For the purposes of this appeal, we assume that Smith filed his coram nobis petition in time to trigger Section 2244(d)(2)'s tolling provision. The primary issue before us, therefore, is the proper calculation of tolling. Smith contends that he should receive one year from the date on which the state court denied his coram nobis petition. Respondent advocates a different calculation: (1) the one-year grace period ran for 364 days, until Smith filed the coram nobis petition; (2) the approximately 208–day period during which the coram nobis petition was pending is excluded; (3) the one-year grace period resumed running on November 17, 1997, when the state court denied Smith's petition; (4) Smith therefore had one day remaining in his grace period in which to file the federal habeas petition, or until November 18, 1997. Under this calculation, Smith's February 12, 1998, federal habeas petition was approximately 86 days late.

Other circuit courts of appeals considering this issue uniformly have adopted the interpretation that respondent advocates. *See Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir.1999), *cert. denied*, — U.S. ——, 120 S.Ct. 1846, — L.Ed.2d —— (1999); *Gaskins v. Duval*, 183 F.3d 8, 9–10 (1st Cir.1999); *Haney v. Addison*, 175 F.3d 1217, 1220–21 (10th Cir.1999); *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir.1999), *cert. denied*, — U.S. ——, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). The case upon which Smith relies, *Lovasz v. Vaughn*, is consistent with this precedent because it concerns a prisoner who filed state collateral review papers before the grace period even had begun to run, tolling the one-year statute of limitations while the petition was pending rather than resetting the limitations period. *See Lovasz v. Vaughn*, 134 F.3d 146, 149 (3d Cir.1998). The Southern District of New York case that Smith claims supports his interpretation issued before our decision in *Ross v. Artuz* clarified calculation of the statute of limitations period for prisoners whose convictions became final before the AEDPA became effective. *See Valentine v. Senkowski*, 966 F.Supp. 239, 241 (S.D.N.Y.1997). In any event, even though the opinion itself contains broad language favoring Smith's position, the prisoner's habeas petition in *Valentine* would have been timely pursuant to the calculation respondent advocates. *See id.* at 240–41. District courts in this circuit

2. Respondent argues that Smith does not get the benefit of tolling because he actually filed the coram nobis petition on May 1, 1997, which is after the one-year grace period ended. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir.1999) (*per curiam*) (holding that Section 2244(d)(2) did not apply where petitioner whose conviction became final prior to effective date of AEDPA did not file state motion until May 2, 1997). In support of its argument in favor of the May 1 filing date, respondent relies on Rule 2102 regarding the filing of papers with the clerk of the court. N.Y.C.P.L.R. 2102 (McKinney 1997). Smith contends that his petition should be deemed filed on April 23, 1997, the date he served the papers on the district attorney. Judge Dearie noted the discrepancy between the filing and service dates and seemed to adopt Smith's date of April 23. *See Smith*, 49 F.Supp.2d at 103–04. Because Smith's federal habeas petition is untimely using either date, resolution of this issue is not necessary.

routinely have adopted respondent's interpretation of tolling calculation. *See Torres v. Miller*, 1999 WL 714349 *3–4 (S.D.N.Y. Aug. 27, 1999); *Lucidore v. New York State Div. of Parole*, 1999 WL 566362 *4 (S.D.N.Y. Aug. 3, 1999); *Irving v. Artuz*, 1999 WL 592665 *3 (E.D.N.Y. July 29, 1999). We find unpersuasive Smith's argument that respondent's interpretation would result in premature state applications for relief. The AEDPA takes into consideration circumstances, such as the discovery of new facts, that reset the statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

■ We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run. Not only is this interpretation uniformly followed in other circuits, but it also comports with the goal of the AEDPA to prevent undue delays in federal habeas review. If the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court. The district court therefore correctly dismissed Smith's habeas petition.

## II. Equitable tolling

Smith argues in the alternative that we should exercise our equitable powers to excuse his delay in filing his federal habeas petition. The state responds that even assuming equitable tolling applies, Smith did not meet the high threshold for obtaining this relief because he did not act diligently to pursue his ineffective assistance of appellate counsel claim in either state or federal court.

■ We have not determined whether equitable tolling applies to the one-year statute of limitations contained in Section 2244(d) or the grace period announced in *Ross v. Artuz*. However, other circuits considering this issue uniformly have held that the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period. *See Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), cert. denied, 525 U.S. 891, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), cert. denied, 525 U.S. 891, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir.1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998). We join our sister circuits and also adopt this rule.

■ Equitable tolling applies only in the "rare and exceptional circumstance[ ]." *Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir.), cert. denied, —— U.S. ——, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999). In order to equitably toll the one-year period of limitations, Smith must show that extraordinary circumstances prevented him from filing his petition on time. *See Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996) (noting that this court has applied equitable tolling doctrine " 'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights . . . .' ") (citation omitted). In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll. *See id.*

■ Smith claims that he is entitled to equitable relief because (1) he could not file his federal petition until he exhausted his state remedies; and (2) he diligently filed his state coram nobis petition and then filed his federal habeas petition only 87 days after the state denied collateral relief. Petitioner-appellant raised both of these arguments in the district court. Smith's case does not present extraordinary or exceptional circumstances warranting equitable tolling. Smith's delays in seeking collateral review of his convic-

tion do not show reasonable diligence. In addition, the tolling provision of Section 2244(d)(2) already accommodates the exhaustion requirements that prisoners face, so the mere fact that Smith exhausted his claims in the coram nobis petition does not trigger equitable tolling. Finally, Smith's *pro se* status until March 1997 does not merit equitable tolling. *See Turner,* 177 F.3d at 392. Smith's petition therefore was not timely.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court. We have considered all of appellant's remaining arguments and find them without merit.