**Andres FERMIN, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 00–2249.**

United States Court of Appeals, Second Circuit.

April 27, 2001.

Georgia J. Hinde, New York, NY, for appellant.

Ilene Jaroslaw, Assistant United States Attorney, for Loretta E. Lynch, United States Attorney, Eastern District of New York; Peter A. Norling, Assistant United States Attorney, on the brief, Brooklyn, NY, for appellee.

Present LEVAL, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Andres Fermin claims that his § 2255 petition, filed on March 25, 1998, should be deemed timely, notwithstanding that the time limit for filing his petition expired on June 23, 1997. He claims, *inter alia,* that he was entitled to equitable tolling of the time limit that governed his petition.

In order to establish equitable tolling, a petitioner must demonstrate (1) extraordinary circumstances that prevented the filing of his petition on time, and (2) that the petitioner acted with reasonable diligence throughout the period he seeks to toll. *See Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.), *cert. denied* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). Fermin has not shown reasonable diligence throughout the period he seeks to toll. He filed his motion for an extension of time on April 14, 1997, but then waited until March 25, 1998—nine months after the time limit for filing his § 2255 petition had expired—to file his § 2255 petition. He failed to show circumstances that justified the delay.

We have considered Fermin's other arguments on appeal and found them to be without merit.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.