Michael J. ROSS, Petitioner–Appellant,

v.

Eliot SPITZER, McCoy, Warden, W. Phillips, Superintendent, Defendants–Appellees.

No. 04–3411.

United States Court of Appeals, Second Circuit.

Jan. 11, 2006.

Theodore S. Green, Green & Willstatter, White Plains, NY, for Petitioner–Appellant.

Richard A. Brown, District Attorney, Queens County (Anatasia Spanakos–Orfan, Assistant District Attorney; John M. Castellano, Assistant District Attorney), Kew Gardens, NY, for Respondent–Appellee, of counsel.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.*

## SUMMARY ORDER

Petitioner-appellant Michael J. Ross ("Ross") appeals from a judgment of the district court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Ross argues that although he filed his habeas corpus petition fifty months after the expiration of the one-year statute of limitations on such petitions, see 28 U.S.C. § 2244(d)(1), this Court should equitably toll the statute of limitations because the state failed to provide Ross with a transcript of his trial. We need not reach the question of whether the state's failure to provide a petitioner with a trial transcript could constitute grounds for equitable tolling because Ross failed to "act[ ] with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). Ross requested a trial transcript from his appellate attorney, from the Second Department, and from the New York Court of Appeals, but these three requests were made prior to March 23, 1998, when the statute of limitations began to run. Ross concedes that he made no further attempts to obtain a trial transcript during the year that constituted the statute of limitations period and in the three-and-a-half years that followed. Thus, we disagree with the district court's conclusion that Ross's efforts constituted due diligence. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 421 (2d Cir.2005) ("Our court may, of course, affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court." (internal quotation marks omitted)). "[I]n the absence of any affirmative action on the part of [Ross] to preserve [his] right[s]," *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 264 (2d Cir.1990), during the statute of limitations period and the three-and-a-half years that followed, we will not invoke the doctrine of equitable tolling to extend the time limitation imposed by 28 U.S.C. § 2244(d)(1).

For the reasons stated above, we AFFIRM the district court's judgment.

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.