

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2006

# Black v. US Post Ofc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3747

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Black v. US Post Ofc" (2006). *2006 Decisions.* Paper 1140.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3747
_____

MICHELE BLACK,

Appellant

v.

UNITED STATES POST OFFICE

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-02393)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed :  May 9, 2006)

_____

OPINION
_____

PER CURIAM

The parties are familiar with the underlying facts, so we summarize them only

briefly.  Michele Black brought claims of a hostile work environment, sexual harassment, and retaliatory discharge against John E. Potter, Postmaster General for the United States Postal Service, before the United States Equal Employment Opportunity Commission ("EEOC").  On January 7, 2004, the EEOC issued its final decision on the claims.  (Supp. App. at 039-042.)  Black received notice of the decision on January 11, 2004, at the latest.  (Id. at 043.)  With the decision, the EEOC notified Black that she could file a complaint in federal court within 90 days.  (Id. at 040.)  In the United States District Court for the Eastern District of Pennsylvania,  Black filed a motion to proceed in forma pauperis on June 2, 2004, and a complaint on June 10, 2004.

Potter submitted a motion to dismiss Black's complaint as time-barred, which the District Court granted as uncontested.  Black filed a motion for reconsideration, claiming that she had information to justify why she filed her complaint too late.  The District Court granted Black's motion, converted Potter's motion into a motion for summary judgment, and allowed the parties additional time to present arguments for and against equitable tolling.[1]  Upon consideration of the submissions of the parties, the District Court granted summary judgment in favor of Potter on the grounds that Black filed her complaint out of time and that she was not entitled to equitable tolling.  Black appeals and moves for appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review

---

[1]Contrary to Black's argument in her reply brief on appeal, the District Court did not definitively resolve the statute of limitations issue in her favor with that order.

over the District Court's order granting summary judgment.  See Podobnick v. U.S. Postal

Service, 409 F.3d 584, 589 (3d Cir. 2005).

In the absence of equitable tolling, Black filed her complaint in District Court too

late.  An aggrieved party must file a civil action within 90 days of notice of an EEOC

final action.  See 42 U.S.C. § 2000e-16(c).  Black filed her complaint in June 2004, more

than 90 days after she received notice of the EEOC's final action in January 2004.  Black

concedes that she filed her complaint outside the pertinent statute of limitations.

Furthermore, Black is not entitled to equitable tolling.  Equitable tolling, applied

sparingly, see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 90 (1990), is appropriate in

such circumstances as "(1) where the defendant has actively misled the plaintiff

respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary

way has been prevented from asserting his or her rights, or (3) where the plaintiff has

timely asserted his or her rights mistakenly in the wrong forum."  Oshiver v. Levin,

Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  Although the District

Court provided Black with the opportunity to present evidence to support these common

(or other) grounds for equitable tolling, Black did not do so.[2]

---

[2]We note that Black filed a voluminous brief on appeal which puts the sparsity of
her submissions in the District Court in stark relief.  Although she tries to supplement the
record and raise new issues and arguments on appeal, she may not do so.  See  Harris v.
City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994).  However, even her essential
tolling arguments on appeal, that she filed her complaint beyond the statute of limitations
because she was waiting for a union representative to return documents until March 1,
2004, (at the latest), and that she could not obtain counsel, do not provide a basis for
equitable tolling.  See Irwin, 98 U.S. at 96; Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir.

For the foregoing reasons, we will affirm the District Court's order. Black's motion for appointment of counsel is denied.



2000) (holding that <u>pro</u> <u>se</u> status alone does not excuse late filing).