Felix Manuel **MARQUEZ**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

No. 07 Civ. 3405.

United States District Court, S.D. New York.

Sept. 21, 2007.

See also 367 F.Supp.2d 600.

---

Felix Manuel Marquez, White Deer, PA, Pro se.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Petitioner Felix Manuel Marquez ("Marquez") brought this pro se petition (the

"Petition") on March 26, 2007 seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (" § 2255"). Marquez was convicted before this Court on July 8, 2005 on two counts of an indictment charging him with conspiracy to distribute and possess with intent to distribute, and distribution and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(b) and 18 U.S.C. § 2. The conviction followed Marquez's entry of a guilty plea pursuant to a plea agreement, which among other terms provided that Marquez would not appeal or collaterally challenge a sentence of incarceration of 60 months or less. On August 12, 2005 the Court sentenced Marquez to a term of imprisonment of 60 months on each count, to run concurrently. Marquez did not file a notice of appeal.

Marquez's petition challenges his conviction on the grounds that: (1) his plea was not entered knowingly and voluntarily, allegedly because he was not fully aware of the nature of the charges brought against him or of the range of incarceration he faced; (2) the evidence against him was insufficient to support a conviction because at the time of his arrest he did not possess any drugs and did not know that his co-conspirator did possess heroin; (3) he had difficulty understanding the court proceedings against him because his native language is Spanish; and (4) he wanted to address the Court to express his innocence but was advised by his attorney not to do so.

The Government opposes the Petition. It argues that the Petition should be dismissed because: (1) it is time-barred; (2) Marquez waived his right to appeal or collaterally challenge the sentence imposed; and (3) the other grounds Marquez raises are meritless. The Court agrees that the Petition must be dismissed as time-barred and finds Marquez's other contentions insufficient to warrant relief.

A petition under § 2255 to amend, vacate or correct a sentence must be filed within one year from the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255. Marquez's conviction on August 12, 2005 was entered on August 17, 2005 and became final on August 31, 2005, ten days after the expiration of the time provided under § 2255 for a defendant to file a notice of appeal. *See id.* Thus, the period of limitations for Marquez to challenge his conviction or sentence expired on August 31, 2006. Marquez's Petition, dated March 26, 2007, was received on March 29, 2007, filed by the Court's Pro Se Office on April 30, 2007 and entered on the docket on May 3, 2007. By any measure, these dates are at least seven months after the expiration of the applicable one-year period of limitations.

Marquez's Petition presents no reason for its late filing, and nothing else on record suggests extraordinary circumstances or reasonable diligence by Marquez sufficient to justify a finding that the statute of limitations should be equitably tolled. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). Accordingly, Marquez's Petition is denied on this basis.

Because the Court finds sufficient ground to dismiss this action as time-barred, it need not address Marquez's other contentions at length. Nonetheless, having reviewed them, the Court finds the additional grounds without merit, and thus would deny the Petition even if it were timely. The transcript of Marquez's guilty plea and sentencing make amply clear that, by his own words Marquez's plea was knowing and voluntary, and that his admissions then belie what he now says in the Petition. According to the record, on every occasion Marquez appeared before the Court he was provided Spanish inter-

pretation which he acknowledged enabled him to understand and follow the proceedings. Marquez's statements indicate that he was fully aware of the sentence he faced and entered into a plea agreement accordingly, that he freely waived his right to challenge a conviction of any sentence of 60 months or less, and that he was afforded an opportunity to address the Court to express any reservations he may have had at that time.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the petition (Docket No. 1) of Felix Manuel Marquez dated March 26, 2005 to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**