James **TAYLOR**, Petitioner,

v.

Thomas M. **POOLE**, Superintendent, **Five Points Correctional Facility,** Respondent.

No. 06 Civ. 15421 (VM).

United States District Court, S.D. New York.

Feb. 28, 2008.

---

**3.** The Ajamie defendants have not moved for summary judgment on the Weiss defendants' fourth cross-claim.

James Taylor, Napanoch, NY, pro se.

**DECISION AND ORDER**

VICTOR MARRERO, District Judge.

## I. INTRODUCTION

Pro se petitioner James Taylor ("Taylor") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). Taylor

was convicted in New York State Supreme Court, Bronx County (the "State Court"), of Criminal Sale of a Controlled Substance in the third degree in violation of New York Penal Law § 220.39(1), and sentenced to imprisonment for an indeterminate term of five to ten years. In his petition, Taylor asserts the following grounds as basis for habeas relief: (1) the verdict was against the weight of the evidence and (2) ineffective assistance of appellate counsel. For the reasons set forth below, Taylor's petition is DENIED.

## II. *BACKGROUND* [1]

On October 31, 2002, Bronx Narcotics Squad Detective Lita Steed ("Steed"), Undercover Detective 1423 ("UC 1423"), and approximately nine other field team members organized a "buy and bust" or "buy and arrest" operation in various locations, including 1068 Ward Avenue in the Bronx. Steed served as the "ghost" for UC 1423, meaning that she followed him to ensure his safety and observe their surroundings during the drug buys.

At approximately midnight on November 1, 2002, the field team arrived in the area of Watson Avenue and Ward Avenue in unmarked vehicles. UC 1423 and Steed then walked to the corner of Watson and Ward, where Steed observed Taylor standing in front of 1068 Ward Avenue. Another man, Martin Cofield ("Cofield") approached Taylor and gave him several bills in exchange for five small ziplock bags of what was later identified as crack cocaine.

After Taylor and Cofield walked away, Steed radioed Taylor's description to another officer in the area, who approached and arrested Taylor. A search of Taylor's person revealed United States currency and one clear ziplock bag of crack cocaine.

Taylor was charged with Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Seventh Degree. On July 16, 2003, Taylor was convicted of Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.39[1]) after a jury trial in the Supreme Court of the State of New York, Bronx County. Taylor was sentenced, as a second felony offender, to an indeterminate term of imprisonment from five to ten years and imposed a $50 DNA databank registration fee.

On direct appeal to the Supreme Court of the State of New York, Appellate Division, First Department ("Appellate Division"), appellate counsel for Taylor argued that: (1) the verdict was against the weight of the evidence because Steed's testimony was incredible and completely at odds with the UC 1423's testimony, and (2) the imposition of the DNA databank fee violated the ex post facto clause. On September 23, 2004, the Appellate Division unanimously affirmed Taylor's conviction, holding that "the verdict was not against the weight of the evidence," and "[i]ssues of credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury and there

---

1. The factual summary below is derived from the Trial Transcript in *People v. James Taylor*, Indictment # 5817/02 dated June 30, 2003 ("T1") and July 2–3, 2003 ("T2"), and from various submissions of the parties to this Court, as well as their earlier submissions to the State Court, namely: the Affidavit of Vincenzo S. Lippiello, dated Oct. 12, 2007 ("Lippiello Aff."); Brief for Defendant–Appellant, dated Apr. 2004 ("Def. Br."), attached as Ex. 1 to Lippiello Aff.; Respondent's Brief, dated

Aug. 2004 ("Resp. Br."), attached as Ex. 2 to Lippiello Aff.; Defendant's Affidavit Supporting Motion for Writ of Error Coram Nobis, dated Nov. 9, 2005, attached as Ex. 4 to Lippiello Aff.; and Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus, dated Oct. 2007 ("Resp. Mem."). Except where specifically quoted, no further reference to these documents will be made.

is no basis for disturbing its determinations." *People v. Taylor*, 10 A.D.3d 559, 782 N.Y.S.2d 65 (1st Dep't 2004). On consent of the People, the DNA databank fee was vacated since the crime was committed prior to May 15, 2003, when the legislation imposing the fee became effective. In a letter dated September 28, 2004, Taylor, through his counsel, sought leave to appeal to the New York State Court of Appeals. On October 22, 2004, the Court of Appeals denied leave to appeal. *See People v. Taylor*, 3 N.Y.3d 742, 786 N.Y.S.2d 822, 820 N.E.2d 301 (2004).

On October 9, 2005, Taylor, now pro se, filed a motion for a writ of error coram nobis with the Appellate Division, claiming ineffective assistance of appellate counsel, because his appellate counsel failed to raise the arguments that: (1) the prosecutor made an improper reference during summations to "potential witnesses" who had not been called to testify, (2) the court erroneously failed to instruct the jury to disregard the prosecutor's reference, and (3) that trial counsel was ineffective for failing to subpoena the buyer as a witness and raise the defense that Taylor was the buyer not the seller. The Appellate Division denied the motion on July 20, 2006.

Taylor sought leave to appeal the denial of the motion to the New York Court of Appeals in a letter dated July 27, 2006. Leave to appeal was denied in a letter dated September 18, 2006.

This petition for writ of habeas corpus, submitted on October 18, 2006, raises the same claim that Taylor raised in his direct appeal, *i.e.*, that the verdict was against the weight of the evidence, and the same claim raised in the motion for writ of error coram nobis, *i.e.*, alleging ineffective assistance of appellate counsel.[2]

## III. *DISCUSSION*

### A. *LEGAL STANDARD*

The Court assumes that Taylor has filed a timely petition for habeas corpus.[3] A petitioner in custody pursuant to a judgment of a State Court is entitled to habeas relief only if he can show that his detention violates the United States Constitution, federal law, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Where a state court has decided a petitioner's federal claims on the merits, habeas relief may be granted only if the State Court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved

**2.** Taylor's petition states four grounds on which he is seeking habeas corpus. In addition to the two listed above, he also alleges ineffective assistance of trial counsel and prosecutorial misconduct. Both the respondent State of New York and the Court interpret these two grounds to be the reasons underlying the ineffective assistance of appellate counsel claim, rather than new claims, as they (a) were incorporated in this manner in the motion for writ of error coram nobis, (b) are clearly not exhausted as they were not raised in State Court, and (c) petitioner is proceeding pro se.

**3.** As noted in the Order to Show Cause, dated December 26, 2006, Taylor filed his petition on October 18, 2006, one day after the deadline for filing. By letter dated February 14, 2007, Taylor responded to the Court's Order

to Show Cause as to why his petition should not be dismissed as time-barred. Taylor asserted that his petition should not be time barred, because under the prison facilities operation and law library procedure, an inmate may have to wait one to two weeks to gain access to the law library and notary services, and that getting copies can take up to a month. Taylor argued that he acted with reasonable diligence, and would have filed the papers on time but for the delay caused by the prison procedures. Because the Court denies Taylor's petition on other grounds, it need not address whether Taylor's explanation demonstrated that "(i) extraordinary circumstances prevented him from filing his petition on time," and that "(ii) he acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000)(per curiam).

an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Henry v. Poole,* 409 F.3d 48, 67 (2d Cir.2005).

■ A state court decision is "contrary to" clearly established federal law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court precedent]" or "confronts a set of facts that are materially indistinguishable from a [Supreme Court decision] and nevertheless arrives at a [different] result." *Williams,* 529 U.S. at 405–06, 120 S.Ct. 1495 (2000). To be considered "contrary" within the meaning of 28 U.S.C. § 2254, a state court decision must be "substantially different" from relevant Supreme Court precedent. *Id.* As long as a state court decision applies the correct legal rule to petitioner's facts, it is not subject to habeas review under this standard, even if the federal court would have reached a different conclusion were it to apply the rule itself. *See id.* at 406, 120 S.Ct. 1495.

■ A state court decision is "based on an unreasonable determination of the facts" if the court has correctly identified the legal rule set forth in governing Supreme Court cases, but unreasonably applies the rule to the peculiar facts of the case. *Id.* at 407, 120 S.Ct. 1495. A federal court may grant habeas relief only where the state court decision was objectively unreasonable in light of relevant precedent; a decision which is reasonable, even though it may be incorrect, is not grounds for habeas relief. *See id.* at 411, 120 S.Ct. 1495.

■ Before seeking federal relief, however, a petitioner must exhaust all available state court remedies. *See* 28 U.S.C. §§ 2254(b) and (c). The Court finds that all of Taylor's claims have been exhausted.

## B. WEIGHT OF THE EVIDENCE CLAIM

Taylor asserts that the verdict was against the weight of the evidence because the testimony of Steed was incredible and contradicted that of UC 1423. At trial, Steed testified that she had witnessed the drug sale between Taylor and Cofield, while UC 1423, who testified that he was standing beside Steed, stated that he did not witness the events.

■ It is well established that "weight of the evidence" claims are not cognizable on federal habeas review, given the difference between such a challenge and that of a challenge based on the sufficiency of the evidence. *See Douglas v. Portuondo,* 232 F.Supp.2d 106, 116 (S.D.N.Y.2002) ("[T]he weight of the evidence argument is a pure state law claim ... whereas a legal sufficiency claim is based on federal due process principles.") Nevertheless, the Court notes that Taylor is a pro se litigant, and as such, his submissions must be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The Court must read his submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999). Because Taylor stated in his brief to the Appellate Division that his rights under the Fourteenth Amendment to the United States Constitution had been violated, he can be said to have framed his claim "in terms so particular as to call to mind a specific right protected by the Constitution." *Daye v. Attorney General,* 696

F.2d 186, 194 (2d Cir.1982). Furthermore, a pro se litigant's failure to properly label a particular claim should not bar review of the argument where the claim is soundly developed in all other respects. The Court will therefore construe Taylor's first claim to be a challenge to the legal sufficiency of the evidence, which is cognizable upon habeas review. *See Douglas,* 232 F.Supp.2d at 116.

 A challenge to the legal sufficiency of the evidence is governed by the standard enunciated in *Jackson v. Virginia*: "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Additionally, all possible inferences that may be drawn from the evidence must be construed in the prosecution's favor. *See Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996) (*citing United States v. Rosa,* 11 F.3d 315, 337 (2d Cir.1993)). Finally, "assessments of the weight of evidence or the credibility of witnesses are for the jury and not grounds for reversal on [habeas] appeal." *Id.*

 Taylor's argument regarding the inconsistency in testimony is the exact type of assessment that is not for this Court to determine, but rather, remains within the purview of the jury. Thus, Taylor's specific argument in support of his claim is not reviewable in a habeas proceeding. Additionally, UC 1423's testimony did not contradict, nor was it inconsistent with Steed's testimony. Furthermore, in reviewing the evidence presented at trial, it is clear that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 318–19, 99 S.Ct. 2781. Steed testified that she observed the transaction between Taylor and

Cofield, and after informing her field team that she had observed a buy, two men were apprehended and positively identified by Steed. Five blue bags containing crack cocaine were recovered from Cofield, and one bag containing crack cocaine was recovered from Taylor.

Given these facts, Taylor has not demonstrated that there was insufficient evidence to justify his conviction. Accordingly, Taylor's challenge to the legal sufficiency of the evidence is denied.

## C. *INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL*

Taylor claims that his appellate counsel was ineffective for failing to raise the arguments that: (1) the prosecutor made an improper reference during summations to "potential witnesses" who had not been called to testify, (2) the court erroneously failed to instruct the jury to disregard the prosecutor's reference, and (3) trial counsel was ineffective for failing to subpoena the buyer as a witness and raise the defense that Taylor was the buyer, not the seller.

 The Sixth Amendment mandates that upon receiving authorization for an appeal, states must provide indigents with counsel for their first appeal. *See Douglas v. California,* 372 U.S. 353, 358, 83 S.Ct. 814, 9 L.Ed.2d 811 (1964). The Supreme Court further clarified that "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

 In order to prove ineffective assistance of appellate counsel, Taylor must show that (1) that counsel's performance was deficient, in that it fell below an objective standard of reasonableness measured by prevailing professional norms and (2) a reasonable probability existed that,

**620**

but for counsel's deficient performance, the outcome of the trial would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052. The Supreme Court has also recognized that substantial latitude should be accorded to appellate counsel in the winnowing and selection of issues on which to focus an appeal. *See Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Second, a defendant must demonstrate actual prejudice to his case as a result of counsel's error. *See Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. The "prejudice" prong of *Strickland* focuses on the impact of counsel's performance, on the overall reliability and fairness of the proceeding, and not simply on whether the outcome is affected. *See Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

Applying the above standard, the Court is not persuaded that the performance of Taylor's appellate counsel crossed the rigorous threshold, because Taylor faults his counsel for failing to raise issues that lack merit. *See Aparicio v. Artuz,* 269 F.3d 78, 99 (2d Cir.2001) ("The failure to include a meritless argument does not fall outside the 'wide range of professionally competent assistance' to which Petitioner was entitled.")

▮▮▮ The basis for Taylor's first two claims is the prosecutor's statement during summation that, "Detective Dohan didn't testify during the trial, but had he testified, I submit to you, ladies and gentlemen, he would have told you the same thing Detective Dohan did." (T2 30.) For Tay-

lor's claims to have merit, Taylor must show "that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict." *Tankleff v. Senkowski,* 135 F.3d 235, 252 (2d Cir.1998) (*citing Bentley v. Scully,* 41 F.3d 818, 823 (2d Cir.1994)). In deciding whether Taylor has suffered actual prejudice as a result of the prosecutorial misconduct, this court must consider "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *Tankleff,* 135 F.3d at 252 (*citing Floyd v. Meachum,* 907 F.2d 347, 353 (2d Cir. 1990)).

The Court finds that Taylor's first two grounds are meritless because: (1) Taylor's trial counsel immediately objected to the prosecutor's statement, and the Judge cured the misconduct in stating, "[d]o not speculate what anybody would have testified to in the courtroom" (T2 30); (2) in the jury charge, jurors were instructed to make their decision solely on the testimony of witnesses and the evidence provided to them, and they were not to engage in any speculation or guesswork (T2 42); (3) as previously noted, there was ample evidence to support the jury's conviction; and (4) the prosecutor's comment was not so severe as to affect the jury's verdict. *See Zafiro v. United States,* 506 U.S. 534, 540–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (stating that juries are presumed to follow the Court's instructions).

▮▮▮ Taylor also faults appellate counsel for not raising an ineffective assistance of trial counsel claim because trial counsel failed to subpoena the buyer as a witness and failed to raise the defense that Taylor was the buyer not the seller of the drugs. Again, Taylor's appellate counsel cannot be faulted for failing to raise these meritless

claims. Taylor has failed to overcome the presumption that the actions he challenges "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. There is no indication that Cofield would have provided testimony beneficial to Taylor, and given that Cofield pleaded guilty to possession of crack cocaine, calling him as a witness would have been risky, and trial counsel likely made the rational decision to avoid such a defense strategy. Similarly, his trial counsel's strategy to cast doubt on the prosecution's case was to argue that Steed had misidentified Taylor. Arguing Taylor's suggested strategy would have placed him at the scene of the incident, and would have contradicted trial counsel's chosen strategy. Thus, any challenge raised by appellate counsel to these decisions by trial counsel would have been futile.

■ Additionally, Taylor has not demonstrated that either calling Cofield as a witness or pursuing the "buyer" strategy would have altered the outcome of the trial. Accordingly, the Court finds nothing objectionable in the representation provided by Taylor's appellate counsel, and denies Taylor's claim of ineffective assistance of appellate counsel.

### IV. *ORDER*

For the reasons stated above, it is hereby **ORDERED** that the petition of petitioner James Taylor ("Taylor") for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

As Taylor has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**