17-3823-cv
Levy v. BASF Metals, Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of February, two thousand nineteen.

Present:      RALPH K. WINTER,
              ROSEMARY S. POOLER,
                        *Circuit Judges*.
              RONNIE ABRAMS,[1]
                        *District Judge*.

_____

SUSAN LEVY,

                        *Plaintiff-Appellant*,

              v.                                              17-3823-cv

BASF METALS LIMITED, BASF CORPORATION,
GOLDMAN SACHS INTERNATIONAL, GOLDMAN
SACHS GROUP, INC., GOLDMAN SACHS & CO.,
GOLDMAN SACHS EXECUTION & CLEARING, L.P.,
ICBC STANDARD BANK PLC, UBS AG,
UBS SECURITIES LLC, HSBC BANK USA, N.A.,
LONDON PLATINUM AND PALLADIUM FIXING
COMPANY LIMITED,

                        *Defendants-Appellees*.[2]

_____

[1] Judge Ronnie Abrams, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellant:     Susan Levy, pro se, New York, N.Y.

Appearing for Appellees:     Michael F. Williams, Kirkland & Ellis LLP (Peter A. Farrell, *on the brief*), Washington, D.C., *for BASF Metals Limited and BASF Corporation*;

Damien J. Marshall, Boies Schiller Flexner LLP (Leigh M. Nathanson, Laura C. Harris, *on the brief*), New York, N.Y., *for HSBC Bank USA, N.A.*;

Stephen Ehrenberg, Sullivan & Cromwell LLP, New York, N.Y., *for Goldman Sachs International, The Goldman Sachs Group, Inc., and Goldman Sachs & Co. LLC f/k/a Goldman, Sachs & Co.*;

Robert G. Houck, Clifford Chance US LLP, New York, N.Y., *for ICBC Standard Bank PLC*;

Eric J. Stock, Gibson, Dunn & Crutcher LLP (Mark A. Kirsch, D. Jarrett Arp, Melanie L. Katsur, Indraneel Sur, *on the brief*), New York, N.Y., *for UBS AG and UBS Securities LLC*;

Ethan E. Litwin, Dechert LLP (Morgan J. Feder, *on the brief*), New York, N.Y., *for The London Platinum and Palladium Fixing Company Ltd.*

Appeal from the United States District Court for the Southern District of New York (Woods, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Susan Levy, an attorney proceeding pro se, appeals from the October 19, 2017, judgment of the United States District Court for the Southern District of New York (Woods, *J.*), dismissing her second amended complaint as time barred and denying leave to amend. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's "interpretation and application of a statute of limitations" de novo. *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). We review the district court's denial of equitable tolling and leave to amend, as well as its discovery orders, for abuse of discretion. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (leave to amend); *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (equitable tolling); *DG Creditor Corp. v. Dabah*, 151 F.3d 75, 79 (2d Cir. 1998) (discovery orders).

Levy first challenges the dismissal of her claims as time barred. Levy's second amended complaint asserted claims under the Commodities and Exchange Act ("CEA"),[3] Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Sherman Act. "RICO claims are subject to a four-year statute of limitations," which begins to run "upon the discovery of the injury." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148, 150 (2d Cir. 2012). Likewise, claims under the Sherman Act "shall be forever barred unless commenced within four years after the cause of action accrued." 15 U.S.C. § 15b. A cause of action under the antitrust laws accrues "when a defendant commits an act that injures a plaintiff's business." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971); *see also id.* at 339 ("[I]f a plaintiff feels the adverse impact of an antitrust conspiracy on a particular date, a cause of action immediately accrues to him to recover all damages incurred by that date and all provable damages that will flow in the future from the acts of the conspirators on that date."). We agree with the district court that the statute of limitations for Levy's RICO and Sherman Act claims began to run in 2008. Levy had actual notice of her injuries in 2008 when she was forced to pay a margin call and lost her entire investment. Therefore, Levy's complaint, which she did not file until 2015, was not timely.

The district court did not abuse its discretion by denying Levy the benefit of equitable tolling. As the district court explained, equitable tolling applies only in "rare and exceptional circumstance[s]" where (1) a plaintiff is "prevented" from filing her complaint in a timely manner and (2) a plaintiff has "acted with reasonable diligence throughout the period [s]he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted); *see also Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (observing that equitable tolling is appropriate when a plaintiff "has been prevented in some extraordinary way from exercising [her] rights" (internal quotation marks omitted)). The district court concluded that Levy's previous complaint, which she filed in 2012 asserting various claims based on the same financial losses at issue here, demonstrated that she was aware that she had been injured and that she was capable of pursuing her legal remedies. We agree with its analysis.

Nor can we say that the district court abused its discretion by denying Levy leave to amend her complaint. Indeed, Levy, an attorney, had already amended her complaint twice. Moreover, as explained above, Levy's claims were time barred. Under these circumstances, the district court did not abuse its discretion by concluding that any further amendment would be futile. *See Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations.").

Finally, Levy argues that the district court abused its direction by staying discovery while the defendants' motions to dismiss were pending. District courts have "broad discretion to direct and manage the pre-trial discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). Federal Rule of Civil Procedure 26(c)(1) allows district courts to issue protective orders "to protect a party or person from . . . undue burden or expense." The district court cited appropriate factors—undue burden and expense—in granting the stay of discovery. We cannot say that this determination was an abuse of discretion.

---

[3] We address Levy's CEA claims in a separate opinion, which we issue simultaneously with this summary order.

3

We have considered the remainder of Levy's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk