15-481
*Davis v. Lempke*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand nineteen.

Present:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

WARREN DAVIS,

> *Petitioner-Appellant*,

v.                                                          15-481

SUPERINTENDENT JOHN LEMPKE, Wende Correctional Facility,

> *Respondent-Appellee*.

_____

For Petitioner:           ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, NY.

For Respondent:           LISA M. DENIG, Assistant District Attorney, *for* Anthony A. Scarpino, Jr., District Attorney of Westchester County, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of

1

New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner Warren Davis ("Davis") appeals from a December 6, 2016 Memorandum Opinion and Order of the United States District Court for the Southern District of New York (Furman, *J.*), dismissing Davis's petition for a writ of habeas corpus under 28 U.S.C. § 2254 as time-barred. On appeal, Davis concedes that he failed to file his habeas petition before the deadline set forth in § 2244(d)(1) but argues that the late filing was the fault of his attorney, Joseph M. Latino ("Latino"), and that he should be entitled to equitable tolling of the statute of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's "legal determinations *de novo*" and "its factual findings for clear error." *Rivas v. Fischer*, 687 F.3d 514, 534 (2d Cir. 2012). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions must be filed within one year of the date on which the petitioner's state judgment became final. 28 U.S.C. § 2244(d)(1). A judgment becomes final "after the denial of certiorari [by the U.S. Supreme Court] or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Consequently, state judgments are deemed final if no petition for a writ of certiorari has been filed with the Supreme Court within 90 days. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998); Sup. Ct. R. 13.

The filing of certain state court collateral attacks on a judgment, including New York *coram nobis* petitions, tolls AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(2); *see Smith v. McGinnis*, 208 F.3d 13, 15–16 (2d Cir. 2000). "[P]roper calculation of § 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending

2

but does not *reset* the date from which the one-year statute of limitations begins to run." *Smith*, 208 F.3d at 16 (emphases added). In "rare and exceptional" circumstances, AEDPA's one-year statute of limitations can be equitably tolled to permit the filing of an otherwise time-barred petition. *Id.* at 17 (citation omitted). Courts must decide whether equitable tolling is applicable on a "case-by-case basis," while still being "governed by rules and precedents" and "draw[ing] upon decisions made in other similar cases for guidance." *Holland v. Florida*, 560 U.S. 631, 649–50 (2010) (citations omitted). To invoke the doctrine of equitable tolling, a petitioner bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

We conclude that Davis has not established either element. To meet his burden of establishing that some extraordinary circumstance exists, Davis must show something *more* than a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." *Holland*, 560 U.S. at 651–52 (citations and internal quotation marks omitted). Circumstances based on attorney negligence "must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas*, 687 F.3d at 538. Here, Latino made a mistake in calculating the deadline for filing Davis's habeas petition that resulted in the petition being filed on May 22, 2014, well past the actual deadline of November 5, 2013. The source of his mistake was an erroneous belief that § 2244(d)(2)'s one-year limitation period restarted after Davis's *coram nobis* petition was denied by a judge on the New York Court of Appeals.

This mistake does not amount to abandonment of the attorney-client relationship. Unlike cases where courts have found extraordinary circumstances, here, Latino communicated regularly with Davis (both before and after he made the mistake), researched the issues relevant to Davis's

3

habeas petition, and ultimately filed that petition. *Cf., e.g.*, *Holland*, 560 U.S. at 652–53 (determining that extraordinary circumstances likely existed where an attorney failed to research a case, failed to inform his client about crucial developments, and failed to respond to his client's many letters asking for an update); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (determining that extraordinary circumstances existed where an attorney "failed to file such a petition at all," "did no legal research," and "never spoke to or met" his client). No extraordinary circumstances exist here.

Nor has Davis shown that he was reasonably diligent in pursuing his rights. To invoke equitable tolling, Davis must have "acted with reasonable diligence *throughout the period he seeks to toll*." *Smith*, 208 F.3d at 17 (emphasis added). Merely retaining an attorney "does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004). And "because petitioners often are fully capable of preparing and filing their habeas petitions *pro se*, . . . it would be inequitable to require less diligence from petitioners who are able to hire attorneys than from those who are forced to proceed *pro se*." *Id.* Thus, even if a petitioner can show extraordinary circumstances resulting from attorney incompetence, "the petitioner must still demonstrate that he himself made reasonably diligent attempts to ensure that his petition was filed on time." *Id.*

Here, Davis argues that he was reasonably diligent because he sent three letters to Latino in February and March 2013, urging Latino to comply with AEDPA's one-year statute of limitations. But all of these letters were sent *before* Latino first communicated the erroneous deadline to Davis in July 2013. Upon learning of Latino's mistake, then, Davis had four months until the November 5, 2013 deadline, during which time he could have reached out to Latino or taken steps to file a *pro se* habeas petition. Instead, there is no evidence in the record here that

Davis even communicated with Latino until February 2014—nearly a year after Davis's previous communication, and long after the November filing deadline had passed. As the district court noted, "there is no evidence that [Davis] made *any* effort to respond to Latino's letters or otherwise contact him from March 2013, through the deadline to file a federal habeas petition in November 2013." SPA-7. We see no basis in the record to disturb that finding. As a result, even if Davis could show that Latino's mistake constituted an extraordinary circumstance, Davis's conduct "throughout the period he seeks to toll," *Smith*, 208 F.3d at 17, was not sufficient to constitute reasonable diligence.[1]

\* \* \*

We have considered Davis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Nothing Latino did "actually *impede*[*d*] timely filing" of the habeas petition. *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 33 n.2 (2d Cir. 2015) (emphasis added). Latino did not abandon Davis, as is evident by his continued communication with Davis, and thus Davis "bears the risk of [Latino's] negligence (with respect to missed deadlines and otherwise)." *Id.* (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).